FARNSWORTH and Another *v.* DRAKE and Others.

Complaint upon a promissory note. The first paragraph alleged that the note was made payable to the *Madison, Indianapolis, and Peru Railroad Company;* that the *Peru and Indianapolis Railroad Company* then, &c., became the owners of the note, and then, &c., sold and assigned the same to the plaintiffs, who are now the owners, &c. *Held,* substantially good on demurrer.

The second paragraph alleged the making and transfer, as in the first, and added that the *M., I., and P. Railroad Co.,* the payee, was formed by a union of the *M.* and *I.* and the *P.* and *I.* companies; that the union was subsequently judicially declared illegal and void, and this note awarded to the *P.* and *I. Co.*

*Held,* 1. That if the *M., I., and P. Railroad Co.* is to be regarded as existing *de facto,* before it was declared illegal, &c., so that its assignment of the note would have passed the title, then the delivery of the note by it, pursuant to an order of Court at its dissolution, to the *P.* and *I.* company, was sufficient, and is well pleaded.

2. But if that company is to be regarded as never having had even a *de facto* existence, then the note was made payable to a fictitious payee, and hence, any *bona fide* holder might sue upon it, and need not aver in his complaint that he is a *bona fide* holder.

The third paragraph alleged a partnership between the companies, and that the note was made to them as such, by the name, &c.; that afterwards the partnership was dissolved; that the *M.* and *I.* company assigned her interest, by delivery to the *P.* and *I.* company; and that the latter assigned to the

plaintiffs by indorsement—the *M.* and *I.* company, the equitable assignor, being made a party. *Held,* that if the companies were legally in partnership, the paragraph was good; but if they were not, and yet had a joint interest in the subject-matter of the note, *perhaps* it enured to them as joint payees, and thus the transfer might be good.

*Tuesday,
November* 23.

APPEAL from the *Marion* Court of Common Pleas.

PERKINS, J.—Suit by *Farnsworth* and *Bernard,* assignees of the promissory note, of which a copy reads thus:

" *Indianapolis, July* 8, 1854.    Two years after date, for value received, we promise to pay to the president and directors of the *Madison, Indianapolis, and Peru Railroad Company,* or order, the sum of 377 dollars, with interest from date, without any relief whatever from valuation or appraisement laws.    *J. P. Drake, S. A. Buell.*"

Indorsed—" The president and directors of the *Peru and Indianapolis Railroad Company* assign this note to *Joseph Farnsworth* and *Jehiel Bernard.    John D. Defrees,* President, *Peru and Indianapolis Railroad Company.*"

The complaint upon this note contains three paragraphs, all of which were demurred to, the demurrer sustained, and judgment rendered for the defendants.

The first paragraph alleges that *Drake* and *Buell,* by the description, &c., made the note payable to the *Madison, Indianapolis, and Peru Railroad Company;* that the *Peru and Indianapolis Railroad Company,* then, &c., became the owners of the note, and then, &c., sold and assigned the same to the plaintiffs, who are now the owners, &c.

We think this paragraph substantially good.    By our statute the possessor and equitable owner of a note may sue on it.    In his complaint he must show his title.    It would have been more formal for the plaintiffs in this case, in showing the transfer of the note from the *Madison, Indianapolis, and Peru Railroad Company* to the *Peru* and *Indianapolis* company to have averred that the former sold and delivered the note to the latter.    But the averment that the note was executed to the former, and that the latter, then, &c., became the owner, and then, &c., sold and assigned the same, &c., clearly implies a sale and delivery to the *Peru* company by the *Madison, Indianapolis,* and

*Peru* company. It is an averment of mixed matter of law and fact, which at common law was good on general demurrer.

It is true that where an equitable assignee sues, he is required by statute to make the assignor a party, which is not done in this case; but there is no demurrer for want of the *Madison, Indianapolis,* and *Peru* company, or the *Peru* and *Indianapolis* company, being made parties.

The second paragraph alleges the making and transfer of the note, as in the first paragraph, and adds further that the *Madison, Indianapolis, and Peru Railroad Company,* the payee of the note, was formed by a union of the *Madison* and *Indianapolis* and the *Peru* and *Indianapolis* companies; that that union was subsequently judicially declared illegal and void, and the note sued on awarded by the Court to the *Peru* company, as its property, &c., thus showing the manner in which the note was transferred by the payee to the *Peru* and *Indianapolis* company, and that there was no such party in existence as the payee, to be made defendant to the suit.

Now, this paragraph may be viewed in two aspects—

1. If the *Madison, Indianapolis, and Peru Railroad Company* is to be regarded as existing *de facto,* before it was judicially declared illegal, and dissolved, so that an assignment by indorsement or delivery by it of the note, would have passed the title, then the delivery by that company, pursuant to the order of the Court, at its dissolution, of the note to the *Peru* and *Indianapolis* company, was sufficient, and is well averred in the paragraph. But,

2. If the *Madison, Indianapolis,* and *Peru* company is to be regarded as never having had even a *de facto* existence, then the note was made payable to a fictitious payee, and, hence, any *bona fide* holder might sue on it, and need not aver in his declaration that he was a *bona fide* holder—that would be presumed till the contrary appeared. No such averment was made in the declarations in the suits in the *English* cases which settled the law that a note payable to a fictitious payee was not void in the hands of an innocent holder, and that such holder might sue the real parties who

Nov. Term,
1858.

SMEAD
v.
THE INDIAN-
APOLIS, &c.,
RAILRO'D CO.

knew the payee to be fictitious. *Minet* v. *Gibson*, 3 Term Rep. 481.—1 H. Black. 569.—Ross on Bills and Notes, 77, side page. We think the second paragraph is good.

The third paragraph alleges that the *Madison and Indianapolis Railroad Company* and the *Peru and Indianapolis Railroad Company* were partners; that the note in suit was given to them as such, by the name of the *Madison, Indianapolis, and Peru Railroad Company;* that afterwards the partnership was dissolved; that the *Madison* company assigned her interest in the note, by delivery, to the *Peru* company; that the latter assigned to the plaintiffs by indorsement, and the *Madison* company, the equitable assignor, is made a party. If the two companies were legally in partnership, the paragraph is undoubtedly good. If they were not, and had a joint interest in the subject-matter of the note, perhaps it enured to them as joint payees, so that the transfer as described in the paragraph may be good.

This point, however, we do not decide.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for further proceedings, with leave to amend the pleadings.

*J. L. Ketcham* and *I. Coffin*, for the appellants.

*D. M'Donald* and *A. G. Porter*, for the appellees.