## RAMEY, ADMINISTRATOR, *v.* McCAIN.

DECEDENTS' ESTATES.—*Administrator's Sale of Personal Property.*—Complaint by an administrator to recover the value of certain personal property of the estate represented by the plaintiff, sold and delivered by the plaintiff to the defendant, alleging that the property was sold and delivered at such price as should be agreed upon by arbitrators, who were selected, but that before the arbitrators had agreed or disagreed, the purchaser declared that he would not abide by the arbitration or be bound by any decision of the arbitrators; and it was not shown that any price was agreed upon, that there was any inventory or appraisement of said property, that there was any order of court for a private sale of said property, or that either party to the contract was uninformed as to the facts.
*Held,* that the complaint was bad on demurrer.

From the Montgomery Circuit Court.

*J. E. McDonald, J. M. Butler, A. Thompson, B. T. Ristine* and *T. H. Ristine,* for appellant.

*P. S. Kennedy* and *W. T. Brush,* for appellee.

DOWNEY, J.—Action by the appellant against the appellee. The complaint is in two paragraphs. The first paragraph is for personal property sold and delivered by the plaintiff as administrator of one Alvin Ramey, deceased, to

the defendant, accompanied by a bill of particulars. The second is also for personal property sold and delivered, setting out the particulars of the transaction more in detail than is done in the first paragraph.

The defendant demurred to the second paragraph of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained. This ruling having been made, the plaintiff dismissed the first paragraph of his complaint, and there was judgment for the defendant. The ruling on the demurrer is the error assigned.

The personal property, for the price of which the action was brought, consisted of the lock and call boxes, furniture, etc., of a post-office, the plaintiff's intestate having been postmaster, and the boxes, etc., having been sold by the plaintiff to the defendant, who succeeded to the office of postmaster. The plaintiff, at private sale, without any appraisement and without any order of court, sold and delivered the boxes, etc., to the defendant, at such price as should be fixed upon by two men, one of whom should be chosen by each party, and if they disagreed, a third should be chosen, and the three thus chosen should fix the price. It is alleged that after the two arbitrators first named had entered upon their duties, but before they had agreed or disagreed, the defendant declared he would not abide by the arbitration, and would not be bound by any decision they might make in the premises, and no agreement seems to have been made as to the price.

The question submitted is, whether the administrator could thus sell the personal property of his intestate.

The statute, as a general rule, contemplates that the personal property of a decedent shall be sold at public sale. 2 G. & H. 497, sec. 48, *et seq.* The court may, in some cases, order a private sale, as in the case of sale of executory contracts for the purchase of lands. 2 G. & H. 499, sec. 55. According to sec. 60, p. 500, 2 G. & H., "whenever the

court of common pleas shall be satisfied that it would be for the advantage of such estate to sell any part of the personal property thereof at private sale, such court may authorize the executor or administrator to thus sell the same; but such property shall in no case be sold for less than its appraised value; nor shall such executor or administrator become the purchaser thereof; and a return of such sale shall be made within the time prescribed by the court, not to extend beyond three months; and bond, with approved surety, shall be taken for the purchase-money, as in case of public sales."

The question must be decided upon the statute bearing on the subject, and not upon general principles of the common law. It does not appear that any sale of the property was ever completed. At least, no price was ever agreed upon. Nor does it appear that there was any inventory and appraisement of the property. It does not appear that either party to the attempted sale was uninformed as to the facts of the case. There is no question in the case as to the rights of a *bona fide* purchaser of property from an administrator or executor. The defendant refused to complete the contract of purchase, and the plaintiff desires to compel him to do so by making him pay the value of the property. But the statute says: "Such property shall in no case be sold for less than the appraised value." How can the plaintiff fix the minimum price at which he may sell the property, when he has not had it appraised? Counsel for appellant assume that the statute is merely directory, and that the sale is valid without a compliance with its requirements. We do not think this position can be sustained. May a sheriff sell property without appraisement, where the law requires an appraisement, and confer a good title on one who has full notice of all the facts? Certainly not.

Counsel for the appellant say that there may have been an order of the court for a private sale of the property, and that, if there was not, the defendant should show that there was not, by an answer. We do not think so. The plaintiff undertook, in the second paragraph of the complaint, to allege the

facts necessary to show a valid sale, and it was for him to show all the facts legally essential for that purpose. We think that there was no valid sale, and that there was no error in sustaining the demurrer to the second paragraph of the complaint.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.