No. 10,926.

### REYNOLDS v. LINARD.

PRACTICE.—*Dismissal.*—*Withdrawal of Evidence.*—When a complaint is in two paragraphs, the plaintiff may, upon the trial, dismiss as to one of the paragraphs, and withdraw all evidence which concerns only that paragraph, but he can not, without consent, withdraw any evidence which concerns the paragraph not dismissed.

WITNESS.—*Promissory Note.*—*Assignee of Administrator.*—In a suit against the maker upon a note lawfully sold by the administrator of the deceased payee to the plaintiff, the defendant is not a competent witness in his own behalf.

From the Marshall Circuit Court.

*H. Corbin* and *A. C. Capron*, for appellant.

*F. Church*, for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant. The first paragraph of his complaint alleged that the defendant made a note for $125, payable to one Higday, which is due and unpaid; that Higday died the holder of the note, and his administrator sold it at public sale by order of the proper court to the plaintiff, and said sale was

Reynolds *v.* Linard.

confirmed by said court, whereby the plaintiff became the owner of the note. Wherefore, etc.

The second paragraph alleged that the defendant made a note without date on March 20th, 1870, for $261.78, payable ninety days after date to said Higday, which is due and unpaid; that Higday died the holder of it, and his administrator, under an order of the proper court, sold it at public auction to the plaintiff, who thereby became the owner of it. Wherefore, etc. Copies of the notes were made parts of the complaint.

The defendant pleaded as to the first note, except $58.25 thereof, payment and set-off, and offered to confess judgment for $58.25. As to the second note he pleaded a verified denial of the execution thereof. The plaintiff replied denying the entire answer. The court found for the plaintiff the amount of the first note and interest, overruled the defendant's motions for a new trial and in arrest of judgment, and rendered judgment on the finding. The defendant appealed. The errors assigned are:

1. Overruling the motion for a new trial.

2. Permitting the appellee to dismiss his second paragraph of complaint, and withdraw his evidence, while the appellant was introducing his evidence.

3. Permitting the appellee to introduce in evidence the petition and papers purporting to be records of the Laporte Circuit Court, without proper authentication or proof of their genuineness.

4. Refusing to permit the appellant to testify in his own behalf relative to the matter stated in his answer.

5. Overruling the motion in arrest of judgment.

Of these specifications of error the second, third and fourth relate to matters occurring upon the trial; they belong to the motion for a new trial, and can not be properly assigned as errors. Buskirk Prac. 114, 220.

The motion in arrest of judgment and the motion for a new trial present the only questions for consideration.

The appellant claims that the complaint was insufficient because there is no law which authorizes an administrator to sell the notes and accounts of his intestate at auction. He is mistaken in this; notes and accounts are personal property, and may be sold at auction. R. S. 1881, section 2275; *Weyer* v. *Second Nat'l Bank*, 57 Ind. 198; *Ramey* v. *Mc-Cain*, 51 Ind. 496; and see *Thomas* v. *Reister*, 3 Ind. 369; *Hamrick* v. *Craven*, 39 Ind. 241. An executor may sell such notes at public auction under the order of the court, or he may compromise desperate debts with the approbation of the court, or with such approbation he may file desperate claims in said court for the benefit of creditors, heirs and legatees. R. S. 1881, section 2302. There was no error in overruling the motion in arrest of judgment.

The reasons for a new trial are:

1. The finding was contrary to the evidence, and was not sustained by sufficient evidence.

2. The finding was contrary to law.

3. Error of law occurring at the trial, to wit: (*a.*) Permitting the plaintiff to dismiss the suit as to his second paragraph of complaint, and to withdraw his evidence after closing his case, and while the defendant was introducing his evidence, and then permitting the plaintiff to again open his case and introduce his evidence in support of his first paragraph, over the defendant's objection; (*b.*) Permitting the plaintiff, over the defendant's objection, to introduce in evidence the paper called a petition of the administrator of Tompkins Higday, deceased, without proof of its character and genuineness; (*c.*) Refusing to permit the defendant to testify in his own behalf relative to the payment and set-off by him pleaded to the plaintiff's first paragraph of answer, and sustaining the plaintiff's objections thereto.

The facts were as follows, as shown by the bill of exceptions: The plaintiff made the defendant his first witness, who

testified that said second note was never executed, and that the note described in the first paragraph of the complaint was fully paid to said Higday in his lifetime. The plaintiff then testified for himself, and called William B: Hess as a witness, who also testified in behalf of the plaintiff; then the plaintiff introduced certain documentary evidence.

At this stage of the proceedings, the plaintiff asked leave of the court to dismiss his second paragraph of complaint; the defendant objected, the court overruled the objection, and the suit as to said second paragraph was dismissed.

There was no error in permitting the plaintiff thus to dismiss as to a part of his cause of action. R. S. 1881, section 333; *Dunning* v. *Galloway*, 47 Ind. 182; *Holland* v. *Johnson*, 51 Ind. 346.

The plaintiff then moved the court to strike out all the oral testimony given in the cause, to wit: The testimony of the defendant given on behalf of the plaintiff; the testimony of the plaintiff in his own behalf, and the testimony of the plaintiff's witness, William B. Hess. The defendant objected; the court overruled the objection, and struck out all of said testimony, and the defendant excepted.

The plaintiff then, over the defendant's objection, offered in evidence the note mentioned in the first paragraph of his complaint, and the record of the Laporte Circuit Court, to prove the sale of the note to the plaintiff. The defendant's objection to the introduction of the record for want of a sufficient authentication was overruled, and to this the defendant excepted. The plaintiff then rested. The defendant offered himself as his own witness to prove the facts stated in his answer. The plaintiff objected. The court sustained the objection, and refused to permit the defendant to testify, and to this the defendant excepted. There being no further evidence, the court found for the plaintiff, as hereinbefore stated.

The action of the court in permitting the plaintiff to withdraw all the oral evidence, some of which related exclusively to the first note and some exclusively to the second note, was

clearly erroneous. When the suit was dismissed as to the second note, it would have been proper to strike out all the evidence relating exclusively to the second note, but the oral evidence as to the first note had nothing to do with the second note; it was already regularly before the court, and it was fatal to the plaintiff. The plaintiff, after discovering that the defendant's testimony, which he himself had invoked, was against him, might have dismissed his entire suit, but he could not get rid of the unfavorable evidence as to the first note, by dismissing as to the second note.

To permit either party at a trial to withdraw evidence introduced on his own motion, merely because it proved to be favorable to the other party, would be absurd, and when in a suit on two notes testimony has been introduced in reference to both, the dismissal as to one of the notes gives the plaintiff no right to withdraw his testimony as to the other note, when it is favorable to the defendant, unless the defendant will consent thereto. When the plaintiff in this case made the defendant his witness, he took the risk, and had no privilege to retain the testimony if favorable, and reject it if unfavorable.

We think, also, that the court did not err in admitting the alleged records of the Laporte Circuit Court. The record shows that they were attested by the seal of the court. R. S. 1881, section 462. But we think there was no error in refusing to permit the defendant to testify as a witness in his own behalf. The plaintiff was the assignee of an administrator; he had the same right to the note that any legatee would have had, for whose benefit the note had been filed in court by the administrator, under section 2302, R. S. 1881. In an action by such a legatee on such a note, this court has held that the maker of the note is not a competent witness to prove payment to the intestate in his lifetime, if objection be made by the other party. The court held substantially that, when such uncollected notes are assigned by an administrator pursuant to the statutes, such assignment "will not restore the competency of witnesses, who would have been incompetent

if the action had been brought by an administrator or executor." *Peacock* v. *Albin,* 39 Ind. 25. It is not necessary to consider the first and second reasons alleged for a new trial. For the error occurring at the trial, as hereinbefore pointed out, the court below should have granted a new trial. The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed April 19, 1884.