Filed Oct. 8, 1890.

---

## No. 14,302.

## SCHMUECKLE *v.* WATERS ET AL.

PROMISSORY NOTE.—*Bohemian Oats.*— *Gambling Contract.*— *Void Between Parties as Against Public Policy.*—*Bona Fide Purchaser.*—Ten bushels of oats, of the actual value of thirty or forty cents a bushel, were delivered by one party to the other, upon an agreement that the party receiving the oats should execute his note for $100, the party furnishing the oats agreeing in turn to sell twenty bushels of oats to be delivered by the maker of the note, at the price of $10 per bushel, both parties presumably having full knowledge of the actual value of the oats.

Schmueckle *v.* Waters *et al.*

*Held*, that between the parties to it the contract was void as against public policy.

*Held*, also, that the note, which was commercial paper, was enforceable in the hands of an innocent holder, if he could make it appear that he was a *bona fide* purchaser for value without notice.

SAME.—*Assignee.*—*Knowledge Sufficient to Put Upon Inquiry.*—Where the circumstances show that the purchaser of paper refrained from making inquiry lest he should thereby become acquainted with the transaction out of which the note originated, he can not occupy the attitude of a holder in good faith without notice. The plaintiff's evidence having shown that he purchased five notes, including the one in suit, against five different persons at the same time, from a person with whom he was on intimate terms, and who is shown to have been connected with the Bohemian oats scheme, and it further appearing that the notes were sold at a rate much above the ordinary discount, the inference was warranted that the plaintiff had such knowledge as made it his duty to make inquiry into the transaction.

SAME.—*Speculative Transaction.*—*Bond Executed in.*—*Invalidity of as Contract.*—*Return of not Condition Precedent to Defence on Note.*—The bond executed by the seller as a part of the transaction in which it was stipulated it would sell twenty bushels of oats for the makers of the note at $10 per bushel, with the stipulation that it was understood between the parties that "the transaction covered by this obligation is of a speculative character, and is not based upon the real value of the grain," although forming the chief consideration of the note was of no value as a contract, and the defendants were not bound to return it as a condition precedent to defend against an action upon the note.

CONTRACT.— *Writings Executed Simultaneously Must be Construed Together.*— Where two or more writings are executed at the same time and relate to the same transaction or subject-matter, they must be construed together in determining the contract between the parties.

From the Allen Circuit Court.

*W. P. Breen,* for appellant.

*R. C. Bell* and *S. L. Morris,* for appellees.

MITCHELL, J.—The appellant, Schmueckle, instituted suit to recover the amount due on a promissory note signed by the appellees, payable to the plaintiff's assignor, at a bank in this State.

It is disclosed by the evidence that the note originated in a transaction between the makers thereof and certain per-

sons who claimed to represent an incorporated company having its principal office in the State of Ohio. The agents of the company pretended to sell the appellees ten bushels of Bohemian oats, at $10 a bushel, the company as a part of the same transaction executing its bond in return, in which it engaged to sell twenty bushels of oats for the makers of the note at $10 a bushel, less a stipulated commission, the oats to be sold at a date prior to the maturity of the note which the appellees executed, payable to Peter Certia, as their part of the transaction. The bond contained the following stipulation:

" It is agreed and understood by and between the parties named in this bond, that the transaction covered by this obligation is of a speculative character, and is not based upon the real value of the grain."

Between the parties to it such a contract, as is disclosed by the record, is plainly void as against public policy. The note and the bond were executed at the same time, as parts of one transaction, between the same parties, and related to the same subject-matter. The rule is, where two or more writings are executed at the same time and relate to the same transaction or subject-matter, they must be construed together in determining the contract between the parties. *Sutton* v. *Beckwith*, 68 Mich. 303 (13 Am. St. Rep. 344). Taking the transaction in its full measure and scope, it was simply this: Ten bushels of oats, of the actual value of thirty or forty cents a bushel, were delivered by one party to the other, upon an agreement that the party receiving the oats should execute his note for $100, the party furnishing the oats agreeing in turn to sell twenty bushels of oats to be delivered by the maker of the note, at the price of $10 per bushel, both parties, presumably, having full knowledge of the actual value of the oats. One who voluntarily, with his eyes open, and without being overreached or defrauded, engages in a transaction such as that, simply becomes a party to a gambling contract, which the law will not enforce be-

tween the parties, or those having notice of the nature of the transaction.

There is no validity or virtue in any contract, unless the parties between whom it is made have the power to appeal to the courts of public justice for redress in case of its violation. A transaction which in its objects, operation or tendency is prejudicial to the public welfare, is against public policy, and will not be enforced between the parties to it. It is abundantly clear that the makers of the note would not have given their obligation to pay $100 for property worth three or four dollars, except upon the consideration that the company agreed to sell twenty bushels of oats for them at a price which made it necessary to find some other person who was either a knave or a dunce, before the maturity of their note. This was plainly, as was declared on the face of the bond, a merely speculative or wagering contract, and void between the parties. *Sondheim* v. *Gilbert,* 117 Ind. 71; *McNamara* v. *Gargett,* 68 Mich. 454 (13 Am. St. Rep. 355). If the note was obtained by fraud, it was equally unenforceable in the hands of the original holder, or in the hands of one affected with notice of the fraud.

The note was, however, commercial paper, and—since there is no statute declaring such note void—in the hands of an innocent holder would have been enforceable if the holder had made it appear that he was a *bona fide* purchaser for value without notice.

It is established that where a note originates in a transaction that is void as against public policy, or where it is obtained from the maker by fraud, or false pretenses, the burden of proof is upon the holder to show that he purchased it in good faith, without notice, and in the usual course of business. *Giberson* v. *Jolley,* 120 Ind. 301; *Tescher* v. *Merea,* 118 Ind. 586.

There is plausible ground for the contention that the evidence does not sustain the verdict, but considering that the burden was on the plaintiff below to show that he purchased

Schmueckle v. Waters et al.

the note in good faith, we can not disturb the judgment on the evidence. The jury were entitled to consider that the plaintiff and his assignor were on terms of intimacy, engaged in the same general business ; and they may not have been satisfied with his statement that he had no notice, and made no inquiry concerning the consideration of the note. We fully concede the position that the holder of negotiable paper, who takes it before maturity in the usual course of business, without notice of facts which impeach its' validity between antecedent parties, or of such facts as put him upon inquiry, holds it by a good title, free from defences, and that unless there are circumstances which excite suspicion, the purchaser is not bound to make inquiry at the time of purchase. *Tescher* v. *Merea, supra ; Goodman* v. *Simonds,* 20 How. 343 ; *Johnson* v. *Way,* 27 Ohio St. 374.

Where, however, the circumstances show that the purchaser of paper refrained from making inquiry lest he should thereby become acquainted with the transaction out of which the note originated, he can not occupy the attitude of a holder in good faith without notice. The plaintiff's evidence shows that he purchased five notes, including the one in suit, against five different persons at the same time, from a person with whom he was upon intimate terms, and who is shown to have been more or less connected with the Bohemian oats scheme.

These notes were sold at a rate much above the ordinary discount, and we can not say that the jury were not warranted in drawing the inference that the plaintiff had such knowledge as made it his duty to inquire.

As we have already said, the bond upon its face shows that the transaction was of a speculative or wagering character, and although it formed the chief consideration for the note in suit, it was of no value as a contract. The defendants were not bound to return it as a condition precedent to their right to make defence.

The judgment is affirmed, with costs.

Filed Oct. 8, 1890.