No. 14,407.

## THE CITIZENS BANK v. LEONHART.

PROMISSORY NOTE.—*Action on.*—*Pleading.*—*Answers Alleging Want of Consideration.*—*Sufficiency of.*—In an action on a note the first paragraph of answer alleged an entire want of consideration, and the second, pleaded as a partial answer, alleged a want of consideration as to part of the amount. Each paragraph alleged notice to the endorsee when it purchased the obligation and paid the consideration.

*Held,* that the paragraphs were good as against a demurrer.

SAME. — *Fraud.* — *Consideration Without Value.* — *Rescission.* — *Pleading.*— Where the answer in an action on a note alleged that the defendant was induced by fraud to execute the obligation, and that the consideration received was entirely without value, an averment of an offer on the part of the defendant to rescind the contract was unnecessary, and the answer was good notwithstanding the absence of such averment.

SAME.— *Tender of Performance.*—A defendant sued on a note answered that he was induced by fraud to execute such note, and that the consideration received was entirely without value, and it appeared that the conditions of a bond which formed part of such consideration could be performed only by the perpetration of a fraud like that practiced upon the defendant.

*Held,* that such defendant was not bound to tender performance of his part of the obligation.

SAME.—*Purchaser of.*—*Inquiry by.*—While a bank or person purchasing commercial paper, tainted with fraud, is bound to show the payment of a valuable consideration, and to rebut notice of the fraud, such purchaser is not called upon to make inquiry of the maker, or holder, as to the circumstances under which the paper is executed, unless there is something about the paper itself, or the circumstances under which it is presented, to excite suspicion.

From the Jay Circuit Court.

*D. T. Taylor, R. H. Hartford, J. B. Jaqua* and *J. A. Jaqua,* for appellant.

*C. Corwin* and *J. M. Smith,* for appellee.

BERKSHIRE, J.—This is an action on a promissory note governed by the law merchant.

The appellant was the plaintiff in the court below and the appellee the defendant.

The Citizens Bank *v.* Leonhart.

The answer contained four paragraphs, the last one being a general denial.

The appellant demurred to the three affirmative paragraphs of answer, and its demurrers being overruled, it reserved exceptions and filed a reply in general denial.

Upon the issues joined the case was submitted to a jury for trial, who returned a general verdict for the appellee and certain interrogatories which had been propounded to them, with their answers thereto.

The appellant moved for judgment upon the answers to the interrogatories notwithstanding the general verdict, but the court overruled its motion, and an exception was reserved.

Then followed a motion for a new trial, which was overruled by the court, and an exception saved, after which judgment was rendered for the appellee.

The only errors which we need consider are those calling in question the rulings of the court in overruling the demurrers to the several paragraphs of answer, overruling the motion for judgment in opposition to the general verdict, and in overruling the motion for a new trial.

And we need not consider all of the reasons assigned in the motion for a new trial, for the reason that some of the questions presented may not arise upon another trial.

The first paragraph of the answer alleges an entire want of consideration for the obligation sued upon; the second paragraph a want of consideration except as to the sum of $10, and is pleaded as a partial answer.

Each of these paragraphs alleges notice to the appellant when it purchased the obligation and paid the consideration. These paragraphs are clearly good.

The third paragraph of the answer charges fraud whereby the execution of the note was obtained.

It alleges that the appellee was induced to execute the note in consideration of five bushels of Bohemian oats, and the execution of a certain obligation from the Northwestern Central Ohio Bohemian Oats Company.

There is no allegation of an offer on the part of the appellee to rescind the contract, but as an excuse for not having done so it is alleged that the consideration received was entirely without value. This paragraph of answer is, therefore, unobjectionable notwithstanding the absence of an averment of an offer to rescind the contract. *Higham* v. *Harris*, 108 Ind. 246, and cases cited.

The obligation executed to the appellee by the Bohemian Oats Company reads as follows:

"No. F 21. Organized under the laws of the State of Ohio. Capital stock, $10,000; liabilities, $20,000. I. D. Cranston, President; George F. Brandon, Secretary. Northwestern Central Ohio Bohemian Oats Company, Noble township, Jay county, Ind., do hereby agree to sell ten bushels of oats for Jacob Leonhart, at ten dollars per bushel, less 25 per cent. commission, on or before the 1st day of November, 1886.    I. B. McDONALD, *Sup't.*

"Attest: GEORGE F. BRANDON, *Sec'y.*

"This bond void without seal and superintendent's signature attached."

If, as alleged, the company was insolvent, and Bohemian oats without intrinsic value, then, as is said in *Higham* v. *Harris, supra,* no rights were surrendered by the appellant's endorser (the payee of the obligation), and no benefits acquired by the appellee. But, further, if Bohemian oats had no intrinsic value, and this fact was, as is alleged, known to the payee of the note, or to the Bohemian Oats Company, the conditions of the company's obligation could not be performed except by the perpetration of a fraud, such as the appellee alleges was practiced upon him, upon some other innocent person.

As was said by the court in *McNamara* v. *Gargett*, 68 Mich. 454, the performance of the condition in the obligation meant "the finding of another victim." On the company's part it was the assumption of an obligation to swindle any citizen that it could.

The obligation being vicious in its character, the appellee was under no obligation to tender the company the ten bushels of oats for sale; had he done so he would have been morally, if not legally, responsible for whatever deceit was practiced by the company in making a sale of the oats.

In our opinion the third paragraph of answer was good. *Schmueckle* v. *Waters*, 125 Ind. 265.

There is no such inconsistency between the general verdict and the answers to the interrogatories that all may not stand.

We come, lastly, to the action of the court in overruling the motion for a new trial.

The court refused to give instruction No. 10, requested by the appellant; this instruction should have been given. It reads as follows: " If the payee of a promissory note goes to a bank, where he is acquainted with its officers, and offers to sell to the bank such note, at a reasonable discount, and there is nothing on the face of the note that is suspicious, or that would lead a man of ordinary intelligence to make inquiry as to how the note was obtained, or the consideration therefor, the officers of such bank may purchase such note without making any such inquiry. So, in this case, if you find from the evidence that Vincent P. Harris, the payee of the note, went to the plaintiff and offered to sell said note to Nathan B. Hawkins, the assistant cashier, for a reasonable discount, and that said Hawkins was acquainted with said Harris, and that said Hawkins did purchase said note of said Harris, for the plaintiff, paying him therefor the reasonable value thereof, without making any inquiry of said Harris as to how the execution of said note had been procured, or what the consideration of the note was, such failure on the part of Hawkins to make such inquiry would not constitute notice to him that the note had been procured by false and fraudulent representations made by Sader and Harris to the defendant, or that the note had been executed without any consideration, or that the excess of the note above ten dollars

was executed without consideration, unless the jury further find from the evidence that there was something written, or printed, on the face or back of the note that was reasonably calculated to cause a person of ordinary intelligence to make such inquiry."

While it is true that a bank, or other person, natural or artificial, purchasing commercial paper, tainted with fraud, is bound to show the payment of a valuable consideration, and to rebut notice of the fraud, such purchaser is not called upon to make inquiry of the maker, or holder, as to the circumstances under which the paper is executed, unless there is something about the paper itself, or the circumstances under which it is presented, to excite the suspicion of a person of common prudence. But persons dealing in commercial paper are expected to use reasonable diligence where such paper is offered for sale, under circumstances that are calculated to excite the suspicion of a reasonably cautious person. *Giberson* v. *Jolley,* 120 Ind. 301; *Schmueckle* v. *Waters, supra.*

There was evidence to support the theory of the instruction.

We do not think that it is necessary to consider any other question arising on the motion for a new trial, as the other questions raised may not arise again.

For the error committed in refusing the instruction, the judgment must be reversed.

Judgment reversed, with costs.

Filed Nov. 25, 1890.