Filed May 12, 1892.

---

No. 317.

## GLASS v. MURPHY.

PRACTICE.—*Demurrer.*—*Overruling.*— *When not Reversible Error.*—If any of several paragraphs, to which a demurrer is addressed separately, is good, the overruling of the demurrer is reversible error unless it appears affirmatively that the finding is based upon some one or more of the good paragraphs, if any there be.

PLEADING.—*Answer.*—*Sufficiency of.*—A paragraph of answer which shows that the contract sued on is speculative and illegal, and that the plaintiff is not an innocent holder for value, is sufficient to withstand a demurrer.

ESTOPPEL.—*Answer of.*— *When Sufficient.*—An answer of estoppel *in pais,* where both parties have knowledge of the facts, can not prevail unless the answer shows a binding contract.

PROMISSORY NOTE.—*Partial Failure of Consideration.*—*Illegal Consideration.* —*Only Actual and Legal Consideration can be Recovered.*—In an action on a promissory note for $200, the consideration of the note being twenty bushels of oats of the value of about $10, all other pretended consideration being illegal and void, the court correctly drew its conclusions of law that the defendant was not liable on the note, except for the value of the oats received by him.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd,* for appellant.

*L. Mock* and *A. Simmons,* for appellee.

REINHARD, J.—The appellant sued the appellee in the court below on a promissory note, a copy of which is as follows:

" $200.00.                    OXFORD, March 11th, 1886.

" Thirteen months after date I promise to pay to the order of John T. Glass, or bearer, the sum of two hundred dollars, at the Citizens' Bank, Oxford, Ohio, for value received, with six per cent. interest from April 1, 1886.

"JAMES MURPHY."

The complaint is in two paragraphs. The substantial averments of the first paragraph are that the appellee executed the note in the State of Ohio, and placed it in the possession of his son-in-law, George R. Nevins, for his own use; that afterwards, in September, 1886, in the State of Indiana, said Nevins, being indebted to the appellant, transferred and delivered the note to him with the knowledge and concurrence of appellee, in payment of said indebtedness of Nevins to appellant, amounting to $200, and that appellant has ever since then held and owned said note; that when the note matured it was duly presented at the proper bank for payment, and was protested, and remains due and unpaid, etc.

The second paragraph is like the first, except that in addition to the above facts it pleads an act of the General Assembly of the State of Ohio, by which such instruments are made negotiable and payable as inland bills of exchange and commercial paper.

The appellee answered in six paragraphs. The first paragraph was the general denial and the third a set-off. The appellant demurred to the second, fourth, fifth and sixth paragraphs. The demurrer was overruled, and this ruling is assigned as error.

The appellee's counsel insist that the demurrer was joint in form, and that if, therefore, any one paragraph was sufficient the demurrer was properly overruled, though there may

have been other paragraphs that were bad.    This is doubt-less the rule.    *Silvers* v. *Junction R. R. Co.,*.43 Ind. 435.

It is proper, therefore, that we should first determine the question as to the form of the demurrer, which is as follows: " The plaintiff demurs to the 2d, 4th, 5th and 6th para-graphs of the defendant's answers separately for the follow-ing grounds of objection to each of said paragraphs:

" *First.*  Because neither of said paragraphs states facts sufficient to constitute a defence of said action."

We think this was sufficient as a separate demurrer to each paragraph.  *Silvers* v. *Junction R. R. Co.*, *supra*; *Stone* v. *State, ex rel.*, 75 Ind. 235 ; *Mitchell* v. *Stinson*, 80 Ind. 324; *Reed* v. *Higgins*, 86 Ind. 143 ; *McFadden* v. *Fritz*, 110 Ind. 1 ; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75.

It follows that if any one of the paragraphs to which the demurrer was addressed was insufficient, the overruling of the demurrer was reversible error, unless it appears affirma-tively that the finding is based upon some one or more of the good paragraphs, if any there be.

We have concluded, however, after a careful examination of the same, that all of the paragraphs demurred to are good. The second paragraph pleads illegality of the consideration. It shows that this consideration consisted solely in the de-livery of twenty bushels of Bohemian oats, of the value of not exceeding five dollars, by the appellant to the appellee, and a bond executed by a certain pretended corporation, the sole purpose and object of which was the fraudulent specula-tion in grain called Bohemian oats, its agents pretending and. representing that said company had the exclusive and per-petual control of the sale of such oats, and which bond pro-vided that the corporation named as the obligor therein would, on or before March 11, 1887, sell for the defendant forty bushels of Bohemian oats at the price of ten dollars per bushel, less twenty-five per cent. commission ; that said contract between the plaintiff and defendant was not based upon the actual value of the oats, but that the price therein

named was purely speculative; that said corporation is and ever has been notoriously insolvent, and the said bond is of no value whatever; that the plaintiff, in securing the execution of the note sued on, from the defendant, employed the said George R. Nevins, named in the complaint, to make said contract, and deliver said oats and bond to the defendant as aforesaid, and said note was executed and delivered to said Nevins as the agent of said plaintiff. Wherefore, etc.

A copy of the bond is filed as an exhibit with the answer, and contains the following among other stipulations:

" It is agreed and understood by and between the party named in this bond and said company that the transaction covered by this obligation is of a speculative character and not based upon the real value of the grain."

Upon the authority of *Schmueckle* v. *Waters*, 125 Ind. 265, this paragraph must be held sufficient. The averments clearly show the illegality of the consideration for the note. They also show that the entire transaction was between the appellee and appellant, and that the latter does not sustain the relation of an innocent holder for value.

The 4th, 5th and 6th paragraphs of the answer all allege a want of consideration, except as to the amount of $5, each being pleaded as a partial answer, and each setting forth in different language the import of the contract. Under the authority of *Citizens' Bank* v. *Leonhart*, 126 Ind. 206, the demurrer to each of these was properly overruled.

Appellant's counsel claim in argument that no copy of the bond referred to in the different paragraphs of the answer was in fact filed as an exhibit. In this the counsel are evidently in error. We find such an exhibit copied in the record closely following the bill of particulars, which appears immediately after the last paragraph of the answer. It was not necessary that there should have been a separate copy for each paragraph. Where the exhibit is designated by a certain mark of identity, as "A," " B " or " C," and referred to as such in each paragraph for which it serves as an ex-

hibit, this will be sufficient without repeating the exhibit after each of such paragraphs.

Appellant replied in two paragraphs. The first was a general denial. To the second paragraph the court sustained a demurrer, assigning as a cause therefor that said paragraph did not state facts sufficient to avoid the answer, and it is insisted that this ruling was error. The said paragraph is as follows:

" 2. For a further reply to the answers of said defendant plaintiff says that before he received said note from said Nevins, in payment of his said debt, defendant represented and stated to plaintiff that said note was all right, perfectly good, and that if he wanted the money on it before due, to send it to the bank at Oxford, Ohio, and it would be cashed if discounted ten per cent. Relying upon said representations of defendant he so took and received the same in payment on his said debt against said Nevins, and that he would not have so received the same had he not relied in good faith upon said representations so made by defendant. Wherefore," etc.

This is an attempt to plead an estoppel. Each paragraph of the answer shows that the entire transaction, including the giving of the note, the transfer of the bonds of the seed company containing the promise to sell the oats, was between the appellant and appellee—the sole and original parties to the note sued upon, and that Nevins was only the agent of said appellant in the transaction of said business, and that the appellant had full knowledge of all the facts in connection with said contract and the consideration of said note.

It does not appear that any new consideration moved to the appellee for the alleged agreement to pay the note. There can be no estoppel *in pais* short of a binding contract, where the facts are known to both parties. *Stoddard* v. *Johnson*, 75 Ind. 20; *State* v. *Portsmouth Savings Bank*, 106 Ind. 435.

The court did not err in sustaining the demurrer to this reply.

The cause was tried by the court, and at the request of the plaintiff it made a special finding and statement of its conclusions of law from the same. The effect of the conclusions of law is that the appellee is not liable on the note except for the value of the Bohemian oats received by him. The appellant's counsel think this was error.

The special findings show, among other things, that the consideration for the note was the sale and delivery by the appellant to the appellee of twenty bushels of Bohemian oats of the value of not exceeding $10, and the delivery by the appellant to the appellee of the bond of the seed company, as set out in the several paragraphs of the answer, including the promise and agreement that said company would, at the time and price alleged, sell for said appellee the oats as agreed in said bond, which it or the appellant had wholly failed to do. The substance of the finding is that outside of the twenty bushels of oats the appellee had never received any consideration whatever for said note, and that said pretended consideration contained in said bond had failed and was illegal and void. We think the finding sustains the theory upon which the several paragraphs of the answer were predicated, and warrants the legal conclusions drawn by the court.

Appellant's counsel refer us to the case of *Regensburg* v. *Notestine*, 2 Ind. App. 97, as an authority in support of their contention. The only question in that case was whether an answer of fraud which admitted that the defendant had received value from the alleged fraudulent transaction which he had not restored or tendered back could be upheld, upon demurrer. It was decided that this could not be done.

In the case at bar there is no such question involved. Here the answers set up, not fraud, but illegality and partial failure or want of consideration. There was no aver-

Glass *v.* Murphy.

ment as to any bond in that case. The case cited is therefore not in point and does not sustain the appellant.

The appellant has challenged the sufficiency of the evidence to support the finding. We have examined the evidence and find it ample for that purpose. We do not see how the finding could have been otherwise. The court was asked to give the appellant a judgment for $200 and interest for twenty bushels of oats of the value of $10 at most. All other pretended consideration was illegal and void from the beginning and had failed. Upon no principle of law or equity could the appellant recover anything more than the value of the oats. The court awarded him this and he is in no position to complain.

There was evidence tending to prove the appellee's set-off, and we think the court was justified in finding a small balance due him after deducting the value of the oats. Other questions of minor importance have been disposed of by what has been said.

Judgment affirmed.

Filed April 15, 1892,

## ON PETITION FOR REHEARING.

REINHARD, C. J.—Counsel for appellant, in their brief on petition for rehearing, earnestly contend that the affirmance of the judgment of the lower court was erroneous. Several reasons are assigned, but only one or two of them require some additional expression at our hands. It is insisted that we were mistaken in assuming that the exhibit filed with the several paragraphs of the answer was designated by some character, as "A," " B " or "C," and referred to as " Exhibit A," " B " or "C," in the pleading. If we were wrong in assuming this, it does not follow by any means that the answer was bad. The exhibit need not be marked by any letter or character and referred to by such letter or character in the pleading. If this be done it will be sufficient, but it is not the only correct way of fil-

Glass *v.* Murphy.

ing an exhibit. It will be sufficient to state in the pleading that the instrument (naming it) or a copy thereof " is herewith filed," and one copy will serve as an exhibit for any number of paragraphs of the same pleading. *Peck* v. *Hensley*, 21 Ind. 344; *Frazier* v. *Harris*, 51 Ind. 156; *Maxwell* v. *Brooks*, 54 Ind. 98; *N. W. M. L. Ins. Co.* v. *Hazelett*, 105 Ind. 212; *Old* v. *Mohler*, 122 Ind. 594.

Counsel again discuss the several paragraphs of the answer and insist that they are all insufficient. They point to the fact that no exhibit purports to have been filed with the sixth paragraph, and claim that this omission is fatal to that paragraph. If we were to concede the insufficiency of all the paragraphs but the second, we think the special finding amply supports it, and that that paragraph states a good defense. We can not agree with counsel that the facts averred make a case of fraud rather than illegality of consideration, and are of the opinion that such facts bring it fairly within the rule declared in *Schmueckle* v. *Waters*, 125 Ind. 265, upon the authority of which we are content to rest our decision in the case at bar. It would be fruitless to extend this opinion by instituting a comparison of the facts set out in the answer of the present case with those stated as a basis of the decision in the case cited.

We think the other questions discussed have been sufficiently disposed of in the original opinion. It is still our conclusion that the judgment of the court below was substantially correct, and that it ought to be affirmed.

The petition is overruled.

Filed May 27, 1892.