## DUNTON v. HOWELL.

[No. 8,654. Filed June 23, 1915. Rehearing denied October 5, 1915. Transfer denied November 19, 1915.].

1. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—Where the questions involved were disputed questions of fact, and there was evidence to sustain each allegation of the complaint, the verdict for plaintiff must be treated as conclusive, since the court on appeal can not weigh the evidence. p. 186.

2. APPEAL.—*Review.*—*Waiver of Error.*—*Briefs.*—Alleged error in the giving and refusing of instructions is waived where no complaint with reference thereto is made in appellant's brief under the points and authorities. p. 186.

3. TRIAL.—*Excessive Verdict.*—*Action for Compensation.*—Where the evidence showed that plaintiff worked for defendant as a farm hand during three seasons of eight months each, and one season of five months, for which he was to receive twenty dollars per month, and that he had been paid the sum of $160, a verdict for $420 in an action to recover the wages due was not excessive. p. 186.

4. APPEAL.—*Questions Reviewable.*—*Motion for Judgment on Interrogatories.*—*Record.*—Alleged error in the overruling of a motion for judgment on the jury's answers to interrogatories presents no question, where it appears from the record that such motion was not ruled on by the trial court. p. 186.

5. APPEAL.—*Questions Reviewable.*—*Demurrer to Reply.*—No question can be presented on the overruling of a demurrer challenging the sufficiency of an affirmative paragraph of reply, where such demurrer is not accompanied by a memorandum of defects as required by §344 Burns 1914, Acts 1911 p. 415. p. 186.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Action by Edsell Howell against Sarah Dunton. From a judgment for plaintiff, the defendant appeals. *Affirmed*.

*C. W. Watkins* and *Charles A. Butler*, for appellant.

*George H. Eberhart, Fred H. Bowers* and *Milo N. Feightner*, for appellee.

MORAN, J.—Appellee brought an action against appellant to recover a balance, which he alleged to be due him for work and labor performed for ap-

pellant as a farm hand. Judgment was rendered in favor of appellee upon a verdict of a jury in the sum of $420. From this judgment an appeal has been prosecuted by appellant. Errors assigned are, (1) overruling appellant's motion for a new trial; (2) overruling appellant's motion for judgment on answers to interrogatories; (3) overruling appellant's demurrer to appellee's second paragraph of reply as addressed to appellant's fourth paragraph of answer.

Briefly, appellee's complaint alleges that on March 1, of each of the following years, 1909, 1910, 1911 and 1912, appellant employed appellee as a farm hand at the rate of $20 per month; for the first three years, he agreed to and did work eight months and for the last year he agreed to and did work five months. Appellant paid appellee the sum of $160, leaving a balance due him in the sum of $450. Appellant answered the complaint in four paragraphs; to the fourth, which is an answer of accord and satisfaction, appellee has addressed an affirmative paragraph of reply. The substance of the fourth paragraph of answer is that after appellee had performed all of the labor, for which he was to receive compensation, there was a mutual settlement entered into between appellant and appellee by the terms of which appellee accepted appellant's promissory note, calling for the sum of $125 in full settlement of all that was due him. The principal allegations of the reply are that appellee was illiterate at the time of the alleged settlement, being unable to read or write, and did not know that the note in question was executed in full settlement, that he was under the impression that the paper he received was a check, upon which he could obtain the money that was due him, and that he was misled and defrauded by appellant.

The causes for a new trial as set forth in ap-

pellant's brief are, (1) the verdict is contrary to the evidence; (2) the verdict was not sustained by sufficient evidence; (3) the verdict is contrary to law; (4) error of court in giving of its own motion instructions Nos. 7 and 8; (5) the damages are too large.

1. The evidence discloses that appellee was illiterate, being unable to read or write, except, however, he could write his name; he was sub- ject to epileptic fits and had been for many years; he worked for appellant upon her farm for four different seasons. It is appellant's contention, as disclosed by the evidence, that she paid appellee various amounts of money from time to time, which, together with the note she executed for $125, and delivered to appellee, fully covered all she owed for his labor, and that the note was accepted by him in full settlement of all claims and demands against her. On the other hand, it is appellee's contention, as disclosed by the evidence, that there was due him the sum of $450, at the time he ceased to labor for appellant, and on account of his illiterate condition, he did not understand the nature and effect of the paper delivered to him, but supposed he was receiving a check, upon which he could draw the money due him from appellant. All of these questions, being disputed questions of fact, were submitted to the jury and the verdict is final in this particular. To inquire into the same would involve the weighing of the evidence, which is not within the province of this court. *Gilchrist* v. *Hatch* (1915), 183 Ind. 371, 106 N. E. 694; *Gifford* v. *Gifford* (1915), 58 Ind. App. 665, 107 N. E. 308; *Pittsburgh, etc., R. Co.* v. *Crockett* (1914), 182 Ind. 490, 106 N. E. 875; *Buchanan* v. *Caine* (1914), 57 Ind. App. 274, 106 N. E. 885; *Cincinnati, Gas, etc.. Co.* v. *Underwood* (1915), *post* 35, 107

N. E. 28. The evidence is sufficient to support each of the allegations of the complaint.

Under "Points and Authorities" in appellant's brief, no complaint is made of the trial court in the giving of any of the instructions that were given by the court to the jury, nor in refusing any that were tendered by appellant. Therefore the error relied upon as to the giving of instructions Nos. 7 and 8 is waived. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Nashville, etc., R. Co.* v. *Johnson* (1916), *post*, 106 N. E. 414; *Smith* v. *Finney* (1914), 56 Ind. App. 93, 104 N. E. 887.

It is urged by appellant, that the amount of recovery is erroneous, being too large; the evidence is conflicting as to what appellee was to receive for his labor, and what he did actually receive from appellant from time to time. There is evidence in the record that appellee worked four different seasons for appellant, for three seasons he worked eight months each and the last season he worked for five months, and was to receive $20 per month for all the time he worked; and there is evidence that he received the sum of $160; the verdict was for $420, and the evidence supports the same. It is therefore not excessive.

Error assigned in the overruling of the motion for judgment on the answers to interrogatories, notwithstanding the general verdict, presents no question for review, as the record discloses that this motion was not ruled on by the trial court.

This leaves for consideration the overruling of the demurrer to the second paragraph of reply, which was addressed to the fourth paragraph of answer. The reply pleads affirmative matter by which it seeks to avoid the legal effect of

MAY TERM, 1915.     187

the fourth paragraph of answer. The case at bar was commenced on August 28, 1912, and there was no memorandum filed with the demurrer to the reply calling the trial court's attention to the infirmities now urged against it, which should have been done in order to present any question as to its sufficiency on appeal, by reason of the act of March 4, 1911. Acts 1911 p. 415, §344 Burns 1914; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E., 525; *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541.

Finding no reversible error, judgment is affirmed.

NOTE.—Reported in 109 N. E. 418. Measure of damages for breach of an executory contract, see 42 Am. Dec. 48. See, also, under (1) 3 Cyc 348; (2) 3 Cyc 388; (4) 3 C. J. 890; 2 Cyc 713.