## BOXELL ET AL v. THE BRIGHT NATIONAL BANK OF FLORA, INDIANA.

[No. 22,811. Filed January 7, 1916. Rehearing denied March 31, 1916.]

1. BILLS AND NOTES.—*Action by Transferee.—Pleading.—Defenses.—Sufficiency of Answer.*—In an action by the transferee of a promissory note, where the complaint does not allege that plaintiff is a *bona fide* holder, defendants may plead any defenses which would have been available against the original payee, and the answer setting up such defense need not aver that the transferee took it with notice of the defense. p. 633.

2. BILLS AND NOTES.—*Action by Transferee.—Pleading.*—The burden is on the transferee of a promissory note to allege and prove that he is a *bona fide* holder, so that where the complaint does not allege that he is a *bona fide* holder, and the answer alleges a defense that would have been available against the original payee, he must assume that burden by affirmative reply. p. 633.

3. APPEAL.—*Harmless Error.—Ruling on Demurrer.*—It is not reversible error to sustain a demurrer to a good paragraph of answer where the facts stated therein can be proved under another answer which is permitted to stand. p. 634.

4. BILLS AND NOTES.—*Action by Transferee.—Defenses.—Burden of Proof.*—Where the complaint by the transferee of a promissory note did not allege that plaintiff was a *bona fide* holder, defendant was not required under any paragraph of answer alleging defenses that would have been available against the original payee to prove that plaintiff had notice of such defenses, and the burden was on plaintiff under its reply to prove that it was a *bona fide* holder. p. 634.

5. APPEAL.—*Questions Reviewable.—Demurrer to Reply.*—No question is presented on the overruling of a demurrer to a reply where such demurrer is not accompanied by a memorandum of defects. p. 634.

6. BILLS AND NOTES.—*Holder in Due Course.—Notice of Infirmity.*—One who purchases a promissory note with knowledge of facts or circumstances which would raise a suspicion of defects or defenses

in the mind of a man of ordinary prudence, is charged with notice of all facts which a reasonable inquiry would have disclosed; hence in an action by the transferee of a promissory note, instructions that if plaintiff had no actual notice of the defense pleaded, it was entitled to recover as a *bona fide* holder were erroneous. p. 635.

7. WITNESSES.—*Competency.*—*Transaction with Decedent.*—In an action on a promissory note by one who acquired it by assignment from the administratrix of the payee, the exclusion of testimony of one of the makers on the ground that he was not a competent witness as to any matter which occurred during the lifetime of the payee was erronous but the error was harmless where the facts sought to be proved by him were established by other witnesses. (*Reynolds v. Linard* [1884], 95 Ind. 48, overruled.)  p. 636.

From Delaware Circuit Court; *Robert M. Van Atta*, Judge.

Action by The Bright National Bank of Flora, Indiana, against Andrew J. Boxell and others. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Meade S. Hays, George H. Koons* and *George H. Koons, Jr.,* for appellants.

*J. Earl Fouts, Joseph G. Leffler, Walter L. Ball* and *A. E. Needham,* for appellee.

LAIRY, J.—This was an action brought by appellee to recover on a promissory note, the action having been commenced before the Negotiable Instruments Law of 1913 (Acts 1913 p. 120, §9089a Burns 1914) became effective. The complaint was in one paragraph to which a general denial was filed and also an affirmative answer in six paragraphs, the fourth of which was an answer in *non est factum.* The trial court sustained a demurrer addressed to the fifth and sixth paragraphs. The issues were closed by a reply in general denial and an affirmative reply addressed to the second and third paragraphs of answer. The issues thus formed were tried by a jury which returned a verdict in favor of appellee upon which verdict judgment was entered.

The action of the trial court in sustaining the demurrer to the fifth paragraph of appellants' answer is the first alleged error presented for consideration. An intelligent consideration of this paragraph of answer requires a brief reference to the complaint to which it is addressed. The complaint shows that the note in suit was executed by appellants and was payable to one William M. Doty who died within a few days after its execution and that Minnie Doty was appointed administratrix of his estate. It further appears that Minnie Doty as administratrix procured an order of court to sell the note in suit and that in pursuance of such order she did sell, assign and deliver the note to appellee before the same was due. The complaint shows that the note was payable at a bank within this State and that the transfer was made for a valuable consideration, but it does not allege that appellee at the time of the transfer had no notice of existing equities or defenses as between the original parties to the instrument. As the facts stated in the complaint do not show that appellee was a *bona fide* holder, appellants might plead in answer thereto any defense which would have been available against the original payee. An answer to such a complaint stating as a defense that there was fraud in the inception of the note or in the manner in which it was put in circulation is sufficient without any averment that the holder of the note took it with notice of such defense. Where a defense of this kind is made the burden is upon the holder of commercial paper to allege and prove that he is a *bona fide* holder; and, if he does not assume that burden in his complaint, he must do so by an affirmative reply. *Johnson* v. *Harrison* (1912), 177 Ind. 240, 97 N. E. 930, 39 L. R. A. (N. S.) 1207.

It seems to be conceded on appeal that the facts averred in the fifth paragraph of answer are sufficient to show a defense against the payee of the note. That being true such facts are sufficient to constitute a defense against the holder under the allegations of the complaint in this case. However, the defense stated in the fifth paragraph of answer was the same as that stated in the third paragraph which was held good. It is not reversible error to 3. sustain a demurrer to a good paragraph of answer where the facts stated therein can be proved under another answer which is permitted to stand. Appellants in their reply brief contend that in order to sustain the third paragraph 4. of answer they were required not only to prove the defense stated therein, but also to prove that appellee, at the time it acquired the note, had notice of such defense; and that the fifth paragraph could have been established without proving that appellee had notice of the defense. This position can not be sustained. Appellants were not required under either paragraph to offer any evidence to prove that appellee had notice of the defense as the averments in both paragraphs on that subject were surplusage which need not be proved. The burden was upon appellee under its reply to prove facts showing that it was a *bona fide* holder of the note in suit. *First Nat. Bank* v. *Ruhl* (1890), 122 Ind. 279, 23 N. E. 766; *Giberson* v. *Jolly* (1889), 120 Ind. 301, 22 N. E. 306.

Appellants also assign that the trial court erred in overruling their demurrer to appellee's reply; but, as no memorandum was filed with the demurrer, no question is saved for the consideration of this court. *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525; *Dunton* v. *Howell* (1915), 60 Ind. App. 183, 109 N.

E. 418. The trial court erred in overruling appellants' motion for a new trial. By its reply appellee based its right to recover, notwithstanding the defenses pleaded, upon the grounds that the note in suit was commercial paper and that appellee purchased it for a valuable consideration, before maturity, in the ordinary course of business, in good faith and without any notice of defenses pleaded. As bearing upon the issue of good faith, the jury was told by instruction No. 15 that one who takes such a note before maturity for value is not affected by any infirmities not apparent on its face, nor by any equities existing between the original parties unless they are brought to his knowledge, and that nothing short of fraud or bad faith, not even negligence is sufficient to defeat the right of the holder for value to recover. By instruction No. 13 the jury was informed that suspicion of a defect of title or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker at the time of the transfer would not defeat the title in the hands of appellee. While expressions may be found in some of the earlier decisions of this court which seem to support these instructions, the law as announced in the later decisions clearly condemns them. *State Bank, etc.* v. *Lawrence* (1912), 177 Ind. 515, 96 N. E. 947, 42 L. R. A. (N. S.) 326; *Shirk* v. *Neible* (1901), 156 Ind. 66, 59 N. E. 281, 83 Am. St. 150; *Citizens Bank* v. *Leonhart* (1890), 126 Ind. 206, 25 N. E. 1099; *Schmueckle* v. *Waters* (1890), 125 Ind. 265, 25 N. E. 281; *Pope* v. *Branch County Sav. Bank* (1899), 23 Ind. App. 210, 54 N. E. 835; *National Exchange Bank* v. *Berry* (1898), 21 Ind. App. 261, 52 N. E. 104. Whatever the law may be elsewhere, it is well settled in this State that one who purchases such a

note with knowledge of facts or circumstances which would raise a suspicion of defects or defenses in the mind of a man of ordinary prudence, will be charged with notice of all facts which a reasonable inquiry would have disclosed. By the instructions to which we have referred, the jury was given to understand that appellee was entitled to recover as a *bona fide* holder, if at the time it took the assignment of the note in suit, it had no actual knowledge of the defects and defenses pleaded, even though it had knowledge of facts that would have raised a suspicion in the mind of a person of ordinary prudence and would have put him upon inquiry, and even though appellee was negligent in failing to make an investigation. Under the evidence in this case, these instructions were highly prejudicial to appellant and the error in giving them requires a reversal.

The court excluded the evidence of David C. Boxell, one of the makers of the note upon the ground that he was not a competent witness 7. as to any matter which occurred during the lifetime of William Doty. In the case of *Reynolds* v. *Linard* (1884), 95 Ind. 48, it was held that the maker of a note was not a competent witness as to any matter occurring during the lifetime of the deceased payee, where the action on the note was brought by one to whom it had been assigned by the administrator of such payee. This case has never been expressly overruled upon this point, but it is in direct conflict with later decisions of this court and of the Appellate Court and can no longer be regarded as authority for the proposition stated. *Durham* v. *Shannon* (1888), 116 Ind. 403, 19 N. E. 190, 9 Am. St. 860; *Bright Nat. Bank* v. *Hartman* (1916), 61 Ind. App. —, 109 N. E. 846. The witness was not incompetent, but as the facts sought to be proved by him were established by other wit-

nesses as shown by answers to interrogatories no harm resulted to appellant from the exclusion of the testimony. Other questions presented are not considered for the reason that they are not likely to arise at another trial. Judgment reversed with directions to grant a new trial.

Note.—Reported in 112 N. E. 3. As to who is a *bona fide* holder under the law of negotiable instruments, see 11 Am. St. 309. As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see 29 L. R. A. (N. S.) 351. See, also, under (1) 8 Cyc 27, 172; (2) 8 Cyc 122, 193; (3) 4 C. J. 932, 31 Cyc 358; (5) 4 C. J. 525; 3 Cyc Anno. 158; (6) 7 Cyc 944; (7) 4 C. J. 1010; 38 Cyc 1457; 40 Cyc 2298.