## MILLER *v.* GRISWOLD ET AL.

PROMISSORY NOTE.—*Assignment.—Pleading.*—A. brought suit, as assignee, against the maker, upon a promissory note executed by B. to the order of C. A copy of the note was set out and of the following indorsements thereon: "I own five hundred acres of land, twelve head of horses, ten head of cattle, and eight sheep; four hundred dollars incumbrances;" signed by B. "Indorsed;" signed by C. A demurrer to the complaint was overruled, and it was insisted on appeal, that a copy of the assignment was not set out. *Held,* that the indorsement was properly pleaded.

SAME.—*Negotiated Before Maturity.*—In a complaint on a promissory note negotiable by the law merchant, an allegation that it was negotiated before maturity is unnecessary. Its subsequent negotiation constitutes matter of defence.

BILL OF EXCEPTIONS.—*Time of Filing.*—A bill of exceptions filed after the term of the court, without an order of court giving time beyond the term, constitutes no part of the record.

APPEAL from the Howard Common Pleas.

BUSKIRK, J.—This was an action by the appellees against the appellant, upon a note executed by the appellant, payable to the order of I. C. Fitzgerald, twelve months after date, at the First National Bank of Kokomo, for the sum of two hundred dollars, with interest and attorneys' fees, which note was indorsed by the payee to the appellees.

The appellant demurred to the complaint. The demurrer was overruled, and the appellant excepted. There was issue, trial by a jury, finding for the appellees, motion for a new trial made, overruled, and excepted to, and judgment on the verdict of the jury.

The appellant has assigned for error the overruling of the demurrer to the complaint and his motion for a new trial.

Did the court err in overruling the demurrer to the complaint? The first objection to the complaint is, that there was not filed with the complaint a copy of the assignment of the note. The objection is not sustained by the record. The plaintiffs filed with the complaint a copy of the note sued on, which is copied into the record. The indorsements on the back of the note are as follows:

Miller *v.* Griswold *et al.*

" I own five hundred acres of land, twelve head of horses, ten head of cattle, and eight sheep.  Four hundred dollars incumbrances.　　　　　　.　　MATTHEW W. MILLER.

"Indorsed, I. C. FITZGERALD."

This was sufficient.

It is next objected that it is not averred that the note was due.  This is not correct.  It is averred in the complaint that the note, interest, and attorneys' fees are due and unpaid.

It is next objected that the complaint does not allege that the note was negotiated before maturity, and for a valuable consideration.  The objection is untenable.  Such an allegation was unnecessary in the complaint.  It constituted matter in defence.

In our opinion, the court committed no error in overruling the demurrer to the complaint.

The next assigned error presents no question for our decision.  The bill of exceptions is not properly in the record. The judgment was rendered on the 22d day of October, 1870.  The bill of exceptions was filed on the 21st day of December, 1870.  The appellant did not ask for, nor did the court make, an order for an extension of time beyond the term to prepare and file a bill of exceptions.  We take judicial notice that the Howard Common Pleas Court commenced on the fourth Monday of September, 1870, and continued for four weeks.

It is too well settled to require a reference to adjudged cases, that a bill of exceptions filed after the term of the court, without an order of court giving time beyond the term, constitutes no part of the record.

The bill of exceptions is shown by the certificate of the judge who presided at the trial, and who signed it, to have been signed after the adjournment of the court.  The record does not show any order of court extending the time.  The clerk shows when the bill was filed.  We know judicially that the Howard Common Pleas was not then in session.

The evidence not being in the record, no question is presented as to the correctness of the ruling of the court in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*H. A. Brouse*, for appellant.

*M. Bell* and *A. S. Bell*, for appellees.