No. 500.

BUNTING *v.* MICK.

PROMISSORY NOTE.—*Instrument in Writing Negotiable Under Law Merchant.* —The following instrument in writing, dated and signed, "April first eighteen hundred and eighty-nine (1889), for value received, pay to \* \* \* or order, four hundred dollars ($400), with 8 % after maturity until paid. Payable at Exchange Bank, Bluffton, Ind.," is a promissory note negotiable by the law merchant. It amounts to a promise to pay money and is a negotiable instrument under section 5001, R. S. 1881. It is payable to order and in a bank in this State, and is, therefore, negotiable as an inland bill of exchange. Section 5006, R. S. 1881.

SAME.—*Action Upon by Endorsee.—Defence by Maker Against Payee.— When Answer need not Aver Notice of by Plaintiff.*—In an action by an endorsee upon a promissory note to which the maker had a valid defence against the original payee, the burden is upon the plaintiff to aver and prove that he obtained such paper before maturity without notice of the equities or defence of the maker, and that he paid a valuable consideration therefor. Where the complaint does not allege that the transfer was made to the plaintiff without notice of any defence the defendant in pleading his defence need not allege notice thereof to the plaintiff.

SAME.—*Complaint.—Insufficient Averment as to Absence of Notice.*—An averment in the complaint in such an action, that the plaintiff and the payee became the owners of the note, in due course of business before maturity, for a valuable consideration and in good faith, is not equivalent to an allegation that they came in possession of such note without any notice of defences on the part of the maker. In pleading want of notice the consideration must be set out with a distinct averment that it was *bona fide* and truly paid, and notice must be denied down to the time of paying the money and the delivering of the note.

SAME.—*Answer.—Demurrer.—Sustaining of.— When not Harmless Error.*— Where, in such an action, a demurrer was sustained to a paragraph of answer which stated a good defence, but did not aver notice thereof to the plaintiff and his endorsee, and the same defence was set forth in another paragraph, coupled with an allegation of notice, the sustaining of the demurrer was not harmless error, as the court in effect decided that such answer, without the averment of notice, was insufficient. The paragraph of answer being good without such averment, the fact that the defence was subsequently pleaded, supplemented by the averment of notice, can not make the error harmless.

From the Marion Superior Court.

*R. N. Lamb* and *R. Hill,* for appellant.

*A. L. Mason,* for appellee.

REINHARD, J.—Action by the appellee against the appellant on an instrument of writing which reads as follows:

"INDIANAPOLIS, IND., Dec. 22, 1888.

"April first, eighteen hundred and eighty-nine (1889), for value received, pay to E. J. Hodgson, or order, four hundred dollars ($400), with 8 % interest after maturity until paid. Payable at Exchange Bank, Bluffton, Ind.

"G. W. BUNTING."

It was averred in the complaint that this was a promissory note negotiable by the law merchant, and as such it was treated by the court. It was further averred " that before maturity of said note said Hodgson sold and assigned the same, in writing, by endorsing his name thereon, for a valuable consideration, to J. Frank George, who became the owner thereof, in good faith, in due course of business; that before maturity thereof said George sold and assigned the same by endorsement of his name thereon to the plaintiff, who became the owner thereof, for a valuable consideration, in good faith, in due course of business, and still owns the same."

The appellant answered in two paragraphs. The first of these set up a want of consideration, the second averred that the note was procured by Hodgson, the payee, from the maker by means of certain fraudulent representations going to the consideration, and rendering the same void.

To each of these paragraphs of answer the appellee filed a demurrer which was sustained by the court. The appellant thereupon filed a third, fourth, fifth and sixth paragraph of answer. The third paragraph averred a want of consideration, but alleged in addition that the appellee and his endorser, at the time of the assignment to them, respectively, had notice of such defence.

The fourth, fifth and sixth paragraphs set up the same

fraudulent representations pleaded in the third paragraph, but in addition thereto averred notice on the part of the appellee and George, his endorser, at the time of the respective assignments, and that these were made without any consideration whatever and after the maturity of said note.

The sustaining of the demurrer to the first and second paragraphs of the answer is the first alleged error for which the appellant insists the judgment should be reversed.

Appellee's counsel contend that even though it should be conceded that there was error in sustaining the demurrer, still such error must be treated as harmless in view of the fact that by repeating the averments of the 1st and 2d paragraphs of the answer in the subsequent paragraphs thereof, the appellant received the full benefit of such averments. We feel quite certain that this position can not be maintained. The 1st and 2d paragraphs, to which the demurrer was addressed and sustained, contained no averments of notice of the defences which the maker had to the note, on the part of the endorsees, George and Mick, at the time of the respective endorsements to them. By sustaining the demurrer and requiring the appellant to set up in subsequent paragraphs, in addition to the averments of want of consideration and fraud, the fact that both appellee and George at the time of the endorsements to them had notice of such defences, the court in effect decided that an answer of the character of these, without the averment of such notice was insufficient, and that such averment was required to make it sufficient. If the paragraphs to which the demurrer was sustained were good, however, without such averment of notice, then the fact that they were subsequently pleaded again, supplemented by the averment of notice, can not be said to make the error harmless. The additional paragraph can not be regarded as an amendment to the paragraphs to which the demurrer was sustained and as taking the place of these. If the answers to which the demurrer was sustained were good without charging notice to the endorsees, the court should

have overruled the demurrer.   The appellant had a right to this ruling so as to be informed whether or not he was to take the burden upon the subject of notice, or whether it should devolve upon the appellee to aver and prove a want of notice.   Hence we must conclude that if there was error in sustaining the demurrer to the 1st and 2d paragraphs of the answer, such error was not harmless.   We pass, therefore, to the consideration of the sufficiency of the 2d ·paragraph of the answer, for it is to this paragraph alone that counsel for appellant have confined their argument.

To begin with, we are of opinion that the instrument declared upon in the complaint was a promissory note, negotiable by the law merchant.   Though somewhat singular in its phraseology, we think it amounts to a promise to pay money, and is a negotiable instrument under section 5501, R. S. 1881.   It is payable to order, and in a bank in this State, and is, therefore, negotiable as an inland bill of exchange. Section 5506, R. S. 1881.

Treating the paper then as of the character indicated, was it necessary that the answer should contain an averment that the plaintiff and his endorser had notice of the defences which the maker had to it, at the time of such respective endorsements?

. The law is undoubtedly well settled in this State that if the holder of paper negotiable by the law merchant, and to which the maker has a valid defence, relies upon the fact that he is a *bona fide* holder thereof, for value, the burden is upon him to aver and prove that he obtained such paper before maturity without notice of the equities or defences of the maker, and that he paid a valuable consideration therefor. *Farmers', etc., Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250; *Schmueckle* v. *Waters*, 125 Ind. 265; *Giberson* v. *Jolley*, 120 Ind. 301.   This being the rule, it would, in ordinary cases of this character, devolve upon the plaintiff to reply the facts above indicated in order to avoid the defence set up in the answer.

Counsel for appellee insist, however, that the present case forms an exception to the rule, because they claim that here the want of notice usually required in the reply is contained in the complaint, and that this allegation must be negatived in the answer or the latter will not be upheld. This, we freely admit, is a question of some difficulty, and by far the most serious one in the case.

We are inclined to agree with counsel for appellee that if the plaintiff in such cases avers in his complaint that he held the note in good faith; that he obtained it before maturity, paid a valuable consideration therefor, and had no notice of any defence on the part of the maker, the defendant must meet these allegations in some manner in his answer. The mere setting up of a defence by the maker as against the original payee would of itself be insufficient, and we take it that a denial of the want of notice, or some equivalent averment in the same paragraph in which the defence is pleaded, would be necessary to make such paragraph sufficient to withstand a demurrer. The only question which remains for us to determine, therefore, is whether or not the averments of the complaint are such as meet the legal requirements in that respect.

We have already quoted that portion of the complaint which relates to this subject, and from it it will be seen that nothing is said whatever as to any want of notice on the part of the plaintiff or his endorser. The only statement in reference to this subject is that the plaintiff and Hodgson, the payee, became the owners of the note in due course of business before maturity, for a valuable consideration, and in good faith. The important question is whether this allegation is equivalent to saying that they came in possession of such note without any notice of the defences now set up against it by the maker. We are of the opinion that it must be held that these averments in the complaint, which we have quoted, are not equivalent to such an allegation. *Scotten* v. *Randolph*, 96 Ind. 581; *Giberson* v. *Jolley, supra.*

The averments that the note was endorsed "in good faith," or that the endorsee became the owner "in good faith" and "for a valuable consideration," and "in due course of business," are but conclusions of law, and not the statements of facts. The pleader, however, should aver facts and not legal conclusions. *Krug* v. *Davis*, 85 Ind. 309; *City of Logansport* v. *La Rose*, 99 Ind. 117; *Kleyla* v. *Haskett*, 112 Ind. 515; *Harris* v. *Ross*, 112 Ind. 314; *Quick* v. *Taylor*, 113 Ind. 540.

In pleading want of notice, a *bona fide* purchaser for value, without notice, of real estate, must set out the consideration with a distinct averment that it was *bona fide* and truly paid, independently of recitals in the deed; and notice, whether charged or not, must be denied down to the time of paying the money and delivery of the deed. 16 Am. & Eng. Encyc. of Law, p. 836; 3 Pomeroy Eq. Jur., section 748. This rule applies equally to the purchaser of a note or other personal property.

The averments of the complaint were not such as cast upon the appellant the duty of averring in his answer want of notice in the appellee. The court erred, therefore, in sustaining the demurrer to the second paragraph of the answer.

Other questions presented need not now be considered.

Judgment reversed.

Filed May 11, 1892.

## On Petition for a Rehearing.

Reinhard, C. J.—Appellee's counsel have filed an earest and able brief in support of their motion for a rehearing. They insist very strenuously that, as the appellee in his complaint, averred, in substance, that he took the note for value and before maturity, the burden is upon the appellant to allege and prove not only the fraud relied upon, but that the appellee had notice of the same. Their contention is that "if value was paid for the note, before maturity, fraud in its

inception would not be a defence, and that the plaintiff has a right to rely on such an averment without going further." From this they argue that the paragraph of answer to which the demurrer was addressed should have contained the averment that the appellee had notice of the fraudulent transaction by which the note was obtained from the maker, and having failed to do this the demurrer was correctly sustained. They insist that had the plaintiff simply declared on the note without alleging that he received it in good faith, the defendant could have answered by the simple averment of the fraud; that it would then have devolved on the plaintiff to set up the *bona fides* of his ownership by alleging that he obtained the note for value, in the due course of business and before maturity, and that thereupon, under the old practice, it would have become the duty of the defendant to rejoin that the plaintiff had notice of the fraud, in order to prevent a recovery. The burden thus shifting alternately from the plaintiff to the defendant and back to the plaintiff and again to the defendant, it would at last be cast upon the defendant to show knowledge of the alleged fraud in the plaintiff, and this being so, in a case like the present one, the defendant must aver notice in his answer to make it good. In support of their contention, counsel assert that the question here presented has never been passed upon in Indiana, but refer us, as sustaining their position, to statements in a work of recognized merit on the subject of Notes and Bills, and to some decided cases in the English Exchequer reports, and a Missouri case. Wood Byles Bills and Notes, p. 124; *Bailey* v. *Bidwell*, 13 M. & W. 75; *Oakeley* v. *Ooddeen*, 2 F. & F. 656; *Horton* v. *Bayne*, 52 Mo. 531.

While it must be conceded that the authorities cited and, perhaps, others that might be named, in giving construction to the common law rule protecting holders of commercial paper, are strongly in the direction of supporting counsel's position, we think counsel are in error when they say that the Supreme Court of our own State has not declared the

opposite doctrine. In *Giberson* v. *Jolley*, 120 Ind. 301, cited in the original opinion, the authorities are fully reviewed, and, after a very full and elaborate discussion by ELLIOTT, C. J., the conclusion is reached that the burden is upon the plaintiff to show that he is a *bona fide* holder, and that this includes proof that he obtained the paper without notice of the fraud. The principle upon which this conclusion is based is that the plaintiff's possession or non-possession of the note is peculiarly within his own knowledge, and it would, therefore, be but fair to require him to furnish the proof. If required to *prove* notice, of course he must also allege it, and this embraces the entire question here involved.

In *First National Bank* v. *Ruhl*, 122 Ind. 279, it is declared to be the law that where the answer sets up that the note was obtained by fraud without alleging notice to the plaintiff, it states a *prima facie* defence, and the plaintiff must show that he is a purchaser in good faith in his reply. This is the exact point involved in the case under consideration, and here is where our rule differs from that enunciated in the authorities cited by counsel.

In *Scotten* v. *Randolph*, 96 Ind. 581, it was said in passing upon an averment in the complaint: "It can not be said, we think, that the averment of 'good faith' is equivalent to the averment that the endorsee took the note without notice of the maker's defences." See, also, *Citizens' Bank* v. *Leonhart*, 126 Ind. 206; *Farmers', etc., Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250; *Sprinkle* v. *Taylor*, 1 Ind. App. 74.

We think the law is settled in Indiana in accordance with the conclusions in the original opinion.

Petition overruled.

Filed Oct. 15, 1892.