## BRADLEY, HOLTON & COMPANY *v.* WHICKER.

[No. 2,863.   Filed November 29, 1899.]

APPEAL AND ERROR.—*Bill of Exceptions.—Signature of Judge.—Presumption.*—Where the record shows that a bill of exceptions was signed by the judge and filed, it will be presumed that the judge signed the bill and that it was then filed.  *p. 381.*

BILLS AND NOTES.—*Action by Indorsee.—Burden on Plaintiff to Show that He is a Bona Fide Holder.*—In an action on a promissory note by an indorsee the burden is upon plaintiff to show that he is a *bona fide* holder, which includes proof that he obtained the note without notice of any defense, and the plaintiff may assume this burden in his complaint.  *pp. 381-383.*

Bradley, Holton & Co. *v.* Whicker.

BILLS AND NOTES.—*Transfer.*—*Presumption.*—Nothing appearing to the contrary, it will be presumed that a note was transferred on the day of its date. *p. 383.*

APPEAL AND ERROR.—*Assignment of Cross-Errors.*—No question is presented on an assignment of cross-errors where it does not appear when the assignment was made. *p. 384.*

From the Tipton Circuit Court. *Reversed.*

*W. R. Oglebay* and *J. L. Oglebay,* for appellant.
*Dan Waugh, J. P. Kemp* and *J. N. Waugh,* for appellee.

ROBINSON, J.—Appellant sued appellee on a promissory note payable in a bank in this State. Appellee had judgment. Overruling appellant's motion for a new trial is assigned as error.

Appellee's counsel argues that no question is presented because the bill of exceptions containing the evidence is not properly in the record. The bill was presented to the judge June 11th, and signed and ordered made part of the record June 14th. The record recites that on June 14th "Comes now the plaintiff and files her bill of exceptions number two." The clerk certifies that the bill was filed on that day. It was filed within the time allowed. There was no bill of exceptions until it was signed by the judge. *Galvin* v. *State,* 56 Ind. 51. We can not presume that the clerk certified what was untrue. From the record entry and clerk's certificate but one inference is permissible, and that is that the judge signed the bill and it was then filed. This same question was presented in *Martin* v. *State,* 148 Ind. 519, and the bill held to be in the record.

The complaint avers that the note, which is payable in a bank in this State, was indorsed by the payees, before due, and for value, to appellant, who took it in the usual course of trade and without any notice of any defense. The note is payable to order in a bank in this State, and is, therefore, negotiable as an inland bill of exchange. §7520 Burns 1894.

The fourth paragraph of answer alleges, in substance, that

the note was executed for the purchase price of a buggy, which the payees falsely and fraudulently represented to be new, and of the value named in the note; that in truth the property was old and second-hand and worth not to exceed a named sum; that it had been newly painted and varnished so that its real condition could not be observed; that appellee having no knowledge of its value or that it was old, of which the payees of the note well knew, but relying upon the false and fraudulent representations so made, and believing them to be true, executed the note; that immediately upon discovery that the property was old, and of the fraud perpetrated upon her, she delivered it back to the payees, who at the time held the note, and demanded the note, which they refused to surrender; that appellant did not pay a valuable consideration for the note, did not purchase it before maturity, and had full knowledge at the time of the purchase of the note of this defense.

This court has held in *Bunting* v. *Mick*, 5 Ind. App. 289, that if a plaintiff in a case like this avers that he held the note in good faith, obtained it before maturity for a valuable consideration, and without notice of any defense on the part of the maker, the defendant must meet this in his answer; and if the maker answers with a defense against the payee and also pleads facts denying plaintiff's want of notice, it would be good against a demurrer. The same case also holds that, if the plaintiff fails to aver that he took the note without notice of any defenses on the maker's part, the defendant need not allege in his answer that the plaintiff had notice of such defenses. If the plaintiff says nothing about want of notice, and the defendant pleads fraud against the payee, the plaintiff must reply want of notice. That is, from the case of *Bunting* v. *Mick*, *supra*, and the cases cited in that opinion, the rule is that the burden is on the plaintiff to show that he is a *bona fide* holder, and that this includes proof that he obtained the note without notice of the defense. And we take it that the plaintiff may assume this burden in

Bradley, Holton & Co. *v.* Whicker.

his complaint, as he did in the case at bar.  See, also, *Galvin* v. *Bank*, 129 Ind. 439; *Bank* v. *Ruhl*, 122 Ind. 279; *Giberson* v. *Jolley*, 120 Ind. 301; *Bowser* v. *Spiesshofer*, 4 Ind. App. 348.

That the verdict is not sustained by sufficient evidence, and is contrary to law, are among the reasons given for a new trial.  There is absolutely no evidence in the record that appellant purchased the note with knowledge of the fraud by the payees against the maker.  Two witnesses testify that the note was purchased without any notice of any kind of any defense on the part of the maker.  Nor is there any evidence of any circumstances that show that appellant refrained from making any inquiry lest it should become acquainted with the transaction out of which the note originated, nor are there any circumstances which would excite suspicion, thus imposing on the purchaser the duty to make inquiry at the time of the purchase.  The evidence is undisputed that the note was indorsed and delivered to appellant before maturity; that appellant took the note at its full face value, without any notice of any defense.  The only thing in the record that in any way contradicts any of this evidence is the evidence of one witness who testified that one of the payees of the note told witness after the note was due that the other payee then had the note.  This is the only testimony that tends in any way to show that the note was not transferred until after due.  But this was clearly hearsay, and, although not objected to, is not sufficient to support a verdict.  There are no circumstances shown from which a jury could legitimately infer that the transfer was after maturity.  Nothing appearing to the contrary, it is presumed such a transfer is made at the date of the note; and the only evidence on that point in the case at bar is that it was transferred before due.

There is no evidence upon which to base an instruction to the effect that, if the jury believed from the evidence that the note was fraudulently procured from appellee, and that

the payees indorsed it to appellant before due, for the purpose of appellant holding the same as the ostensible owner, but in fact to accommodate the payees, and thereby avoid and defeat the defense of appellee, then appellant would not be a good-faith holder, and the defense could be as effectually made against the note in appellant's hands as in payees', and if the note was fraudulently procured, as claimed by appellee, their finding should be for appellee. Nor was there any evidence to support an instruction that appellant would not be a good-faith purchaser, "If you believe that the plaintiff, at the time of the purchase of the note, was in possession of such facts which were sufficient to excite suspicion as to the good-faith execution of said note, but fraudulently and purposely refrained from making inquiry lest it would discover the true character of the transaction out of which said note originated and was given, or, in other words, ascertain the facts constituting the defendant's defense herein."

The record shows the assignment of cross-errors, but as it does not appear when that was done no question is presented. It is not shown that there has been a compliance with rule four of this court. *Cohoon* v. *Fisher*, 146 Ind. 583, 36 L. R. A. 193.

The motion for a new trial should have been sustained. Judgment reversed.