## UNION TRUST COMPANY *v.* ADAMS.

[No. 7,934.   Filed May 9, 1913.   Rehearing denied
October 10, 1913.]

1. BILLS AND NOTES.—*Presumptions.—Place of Payment.*—Where a
note, executed in this State, is made payable at a named bank,
such bank will be presumed to be in this State, if its locality is
not designated.   p. 169.

2. BILLS AND NOTES.—*Note Payable to Fictitious Payee.—Right of
Recovery.*—Where a promissory note was made payable to the
order of a fictitious corporation, and was assigned to plaintiff by
one who assumed to act as president of the payee, but who was
in fact not such officer, all of which plaintiff knew at the time
of such assignment, there can be no recovery thereon, since a
note payable to a fictitious person will never be enforced except
in the hands of a *bona fide* holder who received it without knowl-
edge of its true character.   p. 169.

3. BILLS AND NOTES.—*Presumptions.—Transfer.*—The holder of a
negotiable note payable to a fictitious payee, duly assigned and
transferred, will be presumed to be a *bona fide* holder until the
contrary appears.   p. 170.

4. BILLS AND NOTES.—*Note Payable to Fictitious Payee.—Right of
Recovery.—Knowledge.*—While the *bona fide* holder of a note,
payable to a fictitious payee, may collect the same from the
maker, such right is dependent on such note being negotiable
under the law merchant and the holder being an innocent pur-
chaser for value before maturity without notice of the fictitious
character of the payee, and if such holder has notice sufficient to
put him on inquiry, he takes the paper subject to any defenses
available to the maker as against such payee.   p. 170.

5. BILLS AND NOTES.—*Rights of Transferee.—Assignment.*—Where
the attempted assignment of a note is a nullity, the transferee
holds the note by delivery only, and has only an equitable title
with the right to sue in his own name by making the payee a
defendant, and any defenses that the maker may have against
the payee are available to him in such action.   p. 170.

6. BILLS AND NOTES.— *Action.— Complaint.— Allegations.— Good
Faith.*—The averment that the holder of a note purchased the
same in good faith, is not equivalent to the averment that he
took the note without notice of the maker's defenses against the
payee.   p. 172.

7. BILLS AND NOTES.—*Action.—Defense.—Fraud.—Burden of Proof.*
—Where the maker of a note negotiable under the law merchant
has exhibited a valid defense for fraud, an endorsee, seeking to

enforce collection, has the burden of averring and proving that he obtained such note before maturity, for a valuable consideration, without any notice of the defenses of the maker. p. 172.

8. BILLS AND NOTES.—*Answer.—Reply.—Departure.*—Where the answer in an action on a negotiable note alleged fraud, and that the payee was fictitious, a reply that plaintiff purchased it for value before maturity without notice of any defense available to the maker against the payee, avoids the answer by showing that plaintiff is a *bona fide* purchaser, and is not a departure. (*Midland Steel Co.* v. *Citizens Nat. Bank* [1901], 26 Ind. App. 71, distinguished.) p. 173.

9. PLEADING.—*Reply.*—The province of a reply is to meet and avoid the answer. p. 173.

10. ESCROWS.—*Instruments Delivered in Escrow.—Notes.*—A promissory note may be executed and delivered in escrow and as between the parties it will not become a binding contract upon the maker if delivered contrary to the conditions imposed. p. 174.

11. ESCROWS.—*Instruments Delivered in Escrow.—Notes.—Agent.*—A note delivered to the payee or his authorized agent is not a delivery in escrow, but there may be circumstances under which the depository, though an agent of the payee, may act as the agent of both parties in holding the instrument in escrow. p. 174.

12. BILLS AND NOTES.—*Action.—Conditional Delivery.—Escrow.*—Where the maker of a note, payable to a named insurance company that was not incorporated and had no legal existence, delivered the same to one who was attempting to promote the company, on condition that he was to hold the same until the payee was duly incorporated and should then deliver it to the company for twenty shares of its stock, the jury, in an action against the maker by an endorsee of the note, was warranted in finding that such promoter was the agent of the maker and had acceded to the conditions imposed on him, since the payee, having no legal existence, could have no authorized agent. p. 174.

13. APPEAL.—*Review.—Harmless Error.—Instructions.*—There can be no reversal on error in instructions given, where the special findings of the jury show that the error was harmless. p. 174.

14. BILLS AND NOTES.—*Action.—Issues.—Evidence.*—In an action against the maker, where the allegations of defendant's answers, and the evidence in support thereof, were sufficient to establish a *prima facie* defense, and to require plaintiff to aver and prove that it obtained the note sued on for value before maturity without notice of the fictitious character of the payee and the wrongful transfer of the note, plaintiff's failure either to plead or prove such want of notice on its part warranted a verdict for defendant. p. 174.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by the Union Trust Company against Marion I. Adams. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Slick & Slick* and *George A. Williams,* for appellant.

*Frank Foltz,* for appellee.

FELT, P. J.—This is a suit by appellant against appellee on a promissory note. The complaint is in one paragraph and was answered by general denial and by several paragraphs of special answer. There was a reply in general denial to the special paragraphs of answer. From a judgment in favor of appellee appellant appeals and assigns as error: (1) the overruling of the demurrer of appellant to appellee's third paragraph of answer; (2) the overruling of appellant's motion for new trial.

The complaint in substance alleges that appellee by his certain promissory note executed at Rensselaer, Indiana, agreed to pay to the order of the Hamilton Life Insurance Company, on January 15, 1910, the sum of $250, "payable at the First Natl. Bank"; that before maturity of said note the payee thereof for a valuable consideration duly assigned and transferred the same to appellant, by its written endorsement on the back thereof in the words following, to wit: "Hamilton Life Ins. Co. W. R. Scudder, Pres." That appellant purchased said note for a valuable consideration before maturity and in good faith. The third paragraph of answer alleges in substance that appellee never received any consideration for said note and the same was never delivered to the payee, but was delivered to one W. R. Scudder as an individual and only upon the express condition that he was to hold the same for appellee until the payee, said Hamilton Life Insurance Company, was duly incorporated and as such corporation had issued stock to be placed on the market for sale, and upon the delivery to appellee of twenty shares of said stock, said Scudder was to deliver said note to the Ham-

ilton Life Insurance Company; that said Hamilton Life
Insurance Company was never incorporated and never be-
came a corporation or had any legal existence whatever; that
appellee never received any stock of said company for said
note; that said Scudder had no authority whatever to assign
said note to the appellant; that appellant had full knowledge
of the fact that said Hamilton Life Insurance Company
never was incorporated, never was a corporation under the
laws of the State of Indiana, and never had any legal exist-
ence; also that said Scudder was never legally elected presi-
dent thereof.   The fifth paragraph of answer alleges that the
note was executed without any consideration and that appel-
lant took the same with knowledge of the fact that it was
given without any consideration.   The sixth paragraph
alleges that appellant paid no consideration for said note,
that it held the same only for collection and the note was in
fact the property of the appellee.   The seventh paragraph
was a verified plea of *non est factum*.

Where a note executed in this State is made payable at
a named bank, the bank will be presumed to be in this State,
if its locality is not designated.   *Clark* v. *Carey*
1. (1878), 63 Ind. 105; *Fordyce* v. *Nelson* (1883), 91
Ind. 447, 450; *Light* v. *Killinger* (1896), 16 Ind. App.
102, 105, 44 N. E. 760, 59 Am. St. 313.   The averments
2. of the third paragraph of answer show that the payee
was a fictitious person without any legal existence
whatever and was neither a *de facto* nor *de jure* corporation;
that the person who assumed to act as its president and who
undertook to assign the note by virtue of his authority so
to act, was not such officer and appellant knew these facts
when it took the note by such assignment.   The other aver-
ments of the answer show that the note was executed without
any consideration, was never delivered and never became a
binding obligation against the maker, and that its attempted
negotiation was a fraud on appellee.   Therefore, appellant's
right to enforce its collection depends wholly upon the prop-

osition that it was an innocent purchaser for value, before maturity, without notice of any defenses available to the maker of the note against the payee.    1 Daniel, Negotiable Inst. (3d ed.) §136 says: "The law abhors fraud and discountenances the instruments by which it may be committed. For this reason bills and notes payable to fictitious payees are not tolerated, and will never be enforced, save when in the hands of a *bona fide* holder, who received them without knowledge of their true character.    *    *    *    There is no doubt that if the holder knew, at the time that he took the bill, that the payee was a fictitious person, he cannot recover upon it against the acceptor, though the acceptor also had knowledge of the fiction, it being the policy of the law to interdict the circulation of such deceptive instruments."

A *bona fide* holder of a note negotiable by the law merchant, but payable to a fictitious payee, which has been duly assigned and transferred, may collect the same from the maker, and will be presumed to be such *bona fide* holder until the contrary appears.    But the right to collect such instrument is clearly dependent on its being negotiable under the law merchant and that the holder is an innocent purchaser for value before maturity without notice of the fictitious character of the payee.    If he has notice sufficient to put him on inquiry, he takes the paper subject to any defenses available to the maker as against such payee.    *Farnsworth* v. *Drake* (1858), 11 Ind. 101, 103; *Wiehl, etc., Co.* v. *Robertson* (1897), 39 L. R. A. 423, 426, 427, note; *Armstrong* v. *Pomeroy Nat. Bank* (1889), 6 L. R. A. 625, 626 note; *Shirk* v. *Neible* (1901), 156 Ind. 66, 73, 59 N. E. 281, 83 Am. St. 150; *Citizens Bank* v. *Leonhart* (1890), 126 Ind. 206, 210, 25 N. E. 1099.

If the attempted assignment of the note be treated as a nullity, the most appellant can claim is that it holds the note by delivery only.    In such case the holder has only an equitable title with the right to sue in his own name by making the payee a party defendant, and

any defenses available to the maker against the payee are still available to him in such suit. *Foreman* v. *Beckwith* (1881), 73 Ind. 515; *First Nat. Bank* v. *Henry* (1900), 156 Ind. 1, 8, 58 N. E. 1057.

The principal question argued, is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The evidence tends to show that said Scudder was the agent of the Hamilton National Life Insurance Company and was attempting to promote and incorporate the Hamilton Life Insurance Company; that at Scudder's suggestion appellee executed the note in suit and delivered it to said Scudder upon the express understanding and agreement that he would hold the same for appellee until the said Hamilton Life Insurance Company should be duly incorporated under the laws of the State of Indiana and should issue stock for sale; that the stock was to be issued about January 1, 1910, and when so issued, appellee was to have his note returned to him with twenty shares of said stock, or if he preferred, he was to pay the note and receive forty shares of stock; that there was no other consideration of any kind for said note; that it was expressly agreed that the note should belong to appellee until the issuance and delivery of said stock as aforesaid; that the Hamilton Life Insurance Company never was incorporated, never in fact did any business, never had any directors, or officers at any time and said Scudder never was its president. No evidence, except the note and its assignment, was introduced on behalf of appellant, but the appellee admitted signing the note under the conditions above stated. There was no evidence that appellant paid anything for the note except the inference afforded by the note and its assignment. There is evidence clearly supporting the theory that the attempted negotiation of the note by Scudder was on his part a fraudulent transaction. In addition to the general verdict the jury returned answers to interrogatories, the substance of which is as follows: that appellee executed the note in suit on

June 24, 1909, and delivered the same to one W. R. Scudder; that said Scudder was not the agent or representative of the payee, the Hamilton Life Insurance Company, but was in said transaction the agent and representative of the appellee.

It has been held in this State that to aver in a complaint that the holder of a note purchased the same *in good faith,* is not equivalent to the averment that the endorsee 6. took the note without notice of the maker's defenses against the payee. *Scotten* v. *Randolph* (1884), 96 Ind. 581, 585; *Duel* v. *Newlin* (1891), 131 Ind. 40, 30 N. E. 795. The indorsee of a note negotiable under the law merchant in this State, seeking to enforce collection 7. against the maker, to which note the maker has exhibited a valid defense for fraud, has the burden of averring and proving that he obtained such note before maturity without any notice of the defenses of the maker and that he paid a valuable consideration therefor. *Roane Iron Co.* v. *Bell-Armstead Mfg. Co.* (1900), 24 Ind. App. 250, 253, 56 N. E. 696; *Shirk* v. *Neible, supra; Schmueckle* v. *Waters* (1890), 125 Ind. 265, 268, 25 N. E. 281; *Giberson* v. *Jolley* (1889), 120 Ind. 301, 302, 22 N. E. 306; *Palmer* v. *Poor* (1889), 121 Ind. 135, 138, 22 N. E. 984, 6 L. R. A. 469. In *Giberson* v. *Jolley, supra,* on page 303 the court said: "It would be a departure from principle to hold that the maker must prove that the holder had notice of the fraud. Whether he had notice or not is a matter peculiarly within his own knowledge. It needs no more than a bare statement of the proposition that the plaintiff's possession or nonpossession of notice is a matter peculiarly within his own knowledge, to establish it to the satisfaction of a candid mind, and, if this proposition be established, then, it must follow that the proof should come from him, for few rules of law are better settled than that a party whose cause of action or defense rests upon facts peculiarly within his own knowledge, must prove those facts." In *Bunting* v. *Mick*

(1892), 5 Ind. App. 289, 31 N. E. 378, 1055, at page 296 the court followed *Giberson* v. *Jolley, supra,* and held that the burden is upon the plaintiff to show that he is a *bona fide* holder and that he obtained the paper without notice of the fraud and said: "If required to *prove* notice, of course he must also allege it, and this embraces the entire question here involved." In *First Nat. Bank* v. *Ruhl* (1889), 122 Ind. 279, 23 N. E. 766, it was held that where an answer avers that the note was obtained by fraud and does not allege notice to the plaintiff, it states a *prima facie* defense and the plaintiff must show in his reply that he is a purchaser in good faith without notice of any defense available to the maker against the payee of the note. In the case of the *Midland Steel Co.* v. *Citizens Nat. Bank* (1901), 26 Ind. App. 71, 59 N. E. 211, the suit was upon a note payable at a bank in the state of Pennsylvania, but the laws of that state showing such instrument to be negotiable were not averred in the complaint. The note not being payable at a bank in Indiana was not negotiable by the law merchant in this State. In the absence of averments showing otherwise, it will be presumed the common law prevails in Pennsylvania and therefore as disclosed by the complaint, the note was not negotiable. To avoid a good answer the laws of Pennsylvania showing the instrument to be negotiable were set up in a reply and it was held to be a departure from the theory of the complaint. Without either approving or criticising that decision, the case at bar and the decisions followed may be distinguished from that case by the fact that the complaints show the instruments sued on to be negotiable by the law merchant.

The province of a reply is to meet and avoid the answer. Where an answer to a suit on an instrument negotiable by the law merchant avers facts showing fraud or that the payee is fictitious, a reply showing that the holder purchased the note for value before maturity without notice of any defense available to the

maker against the payee, avoids the answer by showing the holder to be a *bona fide* purchaser protected by the law merchant, and does not involve any question of a departure in the pleadings.

The law is well established that a promissory note may be executed and delivered in escrow and that as between the parties to such instrument it does not become a binding contract upon the maker if delivered contrary to the conditions imposed. 1 Daniel, Negotiable Inst. (3d ed.) §68; *Clanin* v. *Esterly, etc., Mach. Co.* (1888), 118 Ind. 372, 374, 21 N. E. 35, 3 L. R. A. 863. It is also the law that if a note duly executed is delivered to the payee or to his duly appointed agent, such delivery cannot be held to be in escrow. But notwithstanding the foregoing general rule, it has been held that there may be circumstances under which the depository, though he be an agent of the payee, may not be disqualified from acting as agent of both parties in holding the instrument in escrow. In this case there was ample evidence to show that appellee by clear and positive terms made Scudder his agent and imposed upon him definite conditions to which he acceded and the jury expressly so finds. If the payee of the note never had any legal existence and never did any business, it could not have an authorized agent, so that under the facts of this case, it is clear that the jury was fully warranted in finding that Scudder was not the agent of the payee but was the agent of the appellee. *Murray* v. *W. W. Kimball Co.* (1894), 10 Ind. App. 184, 37 N. E. 734.

Complaint is also made of the instructions given. On the whole, the instructions are as favorable to appellant as the law will warrant. The errors, if any, are rendered harmless by the answers of the jury to the interrogatories. The allegations in appellee's answers and the evidence in support thereof were sufficient to establish a *prima facie* defense and to require appellant

to aver and prove that it obtained the note for value before maturity without notice of the defenses available to the maker because of the fictitious character of the payee and the wrongful transfer of the note by Scudder. Failing either to plead or to prove such want of notice on its part, the law warranted a verdict for appellee and we can not say the verdict is either unsupported by the evidence or contrary to law.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 741. See, also, under (1) 7 Cyc. 634; 8 Cyc. 250; (3) 8 Cyc. 233; (4) 7 Cyc. 564; (5) 7 Cyc. 818; (6) 8 Cyc. 122; (7) 8 Cyc. 236; (8) 8 Cyc. 195; (9) 31 Cyc. 241; (10) 16 Cyc. 563; (11) 7 Cyc. 687; (13) 38 Cyc. 1811. As to who is *bona fide* holder of negotiable instrument, see 9 Am. Dec. 272; 44 Am. Dec. 698. As to law of escrow, see 130 Am. St. 910. As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see 29 L. R. A. (N. S.) 351; 44 L. R. A. (N. S.) 395.