## LAPP *v.* MERCHANTS NATIONAL BANK.

[No. 9,869. Filed May 15, 1919. Rehearing denied October 31, 1919. Transfer denied December 22, 1920.]

1. ·BILLS AND NOTES.—*Promissory Note.—"Bona Fide Holder".—Defenses.—Statutes.*—Where payee for value received, in due course of business, and before the maturity of a note, assigned and transferred it to plaintiff, such facts sufficiently show that plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it, and that it purchased the note in good faith for value, and such holder, in view of §§9089z1, 9089d2, 9089e2 Burns 1914, Acts 1913 p. 120, holds the note free from defenses available to prior parties among themselves. p. 529.

2. BILLS AND NOTES.—*Promissory Note.—Action by Bona Fide Holder.—Defenses.—Fraud.—Answer.—Sufficiency.*—In an action on a promissory note, where plaintiff alleged that the note was assigned and transferred to it for value in due course of business and before maturity, an answer averring fraud but failing to deny the transfer of the note in due course, was insufficient, since, in view of §§9089z1, 9089d2, 9089e2 Burns 1914, Acts 1913 p. 120, fraudulent representations in procuring the execution of a note do not constitute a defense to an action thereon by a *bona fide* purchaser. pp. 529, 530.

3. PLEADING.— *Admissions.— Facts Not Denied.*— Matters well pleaded in the complaint and not controverted in the answer must be taken as true in testing the sufficiency of the answer. p. 530.

From Marion Superior Court (104,574); *W. W. Thornton,* Judge.

Action by the Merchants National Bank, of Indianapolis, against John A. Lapp. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward R. Lewis,* for appellant.

*Charles A. Dryer,* for appellee.

NICHOLS, J.—The complaint in this case, by the appellee against the appellant, was filed October 16, 1916, and is upon a promissory note executed by the appellant August 5, 1915, and due in six months after date, negotiable and payable at the appellee's bank in Indianapolis, Indiana, and to the order of the Federal Loan Society, Inc.

It is averred in the complaint that the payee for value received, in due course of business and before the maturity of such note, assigned and transferred it to the appellee, and that it was past due and unpaid. To this complaint the appellant answered in two paragraphs, the first being a general denial, and the second being an affirmative answer charging fraud against the payee named in the note in procuring the execution thereof. There is no charge in the second paragraph of answer that the appellee had notice of such fraud. The appellee filed its demurrer to said second paragraph of answer, with memorandum, which demurrer was sustained by the court, to which ruling the appellant excepted. Thereupon appellant withdrew his first paragraph of answer, being the general denial, refused to plead further, and elected to stand upon his second paragraph of answer. Judgment was rendereed in favor of the appellee.

The Negotiable Instrument Act, §9089a *et seq.* Burns 1914, Acts 1913 p. 120, was put in force April 30, 1913. Section 52 (§9089z1 Burns 1914) of such statute pro-

vides: "A holder in due course is a holder who
1. has taken the instrument after following conditions:

(1) That the instrument is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

It is provided by §56 (§9089d2 Burns 1914) of such statute that, to constitute a notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. Section 57 (§9089e2 Burns 1914) provides that a holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon. By its averments that the payee for value received, in due course of business and before its maturity, assigned and transferred said note to the appellee, such appellee avers that it had no notice of any infirmity in the instrument or defect in the title of the person negotiating it, and that it purchased the same in good faith for value. Such a holder, under the statute, holds the note free from defenses available
2. to the prior parties among themselves. The appellant's second paragraph of answer averring fraudulent representations in the procuring of the execution of this note, without any averments of knowledge

by the appellee of the alleged fraud, was insufficient, and the demurrer thereto was properly sustained.

There was no error in sustaining the demurrer to the second paragraph of answer. The judgment is affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, P. J.—Appellant, by his counsel, having earnestly challenged the decision in this case as being contrary to the long-established rule of law, we deem it due him that in ruling upon his petition for rehearing we amplify the original opinion.

We again direct attention to the fact that the complaint in this case avers that the note in suit was assigned and transferred to appellee for value in due course of business and before maturity. The second paragraph of answer is an affirmative paragraph, averring fraud but failing to deny the averment of the complaint that the note was transferred in due course or, for that matter, any other averment of the complaint. It has been repeatedly held that matters well pleaded in the complaint and not controverted in the answer must be taken as true in testing the sufficiency of the answer. *Bowen* v. *Pollard* (1880), 71 Ind. 177; *Matter* v. *Campbell* (1880), 71 Ind. 512; *Cole* v. *Wright* (1880), 70 Ind. 179; *Taylor* v. *Griner* (1914), 55 Ind. App. 617, 104 N. E. 607; *Baxter* v. *Moore* (1914), 56 Ind. App. 472, 105 N. E. 588; *Hayward* v. *Hayward* (1917), 65 Ind. App. 440, 115 N. E. 966, 116 N. E. 746.

In *Bunting* v. *Mick* (1892), 5 Ind. App. 289, 31 N. E. 378, 1055, the rule is stated that: "If the holder of paper negotiable by the law merchant, and to which the maker has a valid defense, relies upon the fact that he is a bona fide holder thereof, for value, the burden is upon him to aver and prove that he obtained such paper before maturity, without notice of the equities or de-

fenses of the maker, and that he paid a valuable consideration therefor.   *   *   *   This being the rule, it would, in ordinary cases of this character, devolve upon the plaintiff to reply the facts above indicated in order to avoid the defense set up in the answer.   Counsel for appellee insist, however, that the present case forms an exception to the rule, because they claim that here the want of notice usually required in the reply is contained in the complaint, and that this allegation must be negatived in the answer or the latter will not be upheld.   *   *   *   We are inclined to agree with counsel for appellee that if the plaintiff in such cases avers in his complaint that he held the note in good faith; that he obtained it before maturity, paid a valuable consideration therefor, and had no notice of any defense on the part of the maker, the defendant must meet these allegations in some manner in his answer.   The mere setting up of a defense by the maker as against the original payee would of itself be insufficient, and we take it that a denial of the want of notice, or some equivalent averment in the same paragraph in which the defense is pleaded, would be necessary to make such paragraph sufficient to withstand a demurrer."   It is held in this case, however, that the allegation "that the plaintiff   *   *   *   became the owner of the note in due course of business before maturity, for a valuable consideration, and in good faith" was not equivalent to saying that he came into possession of such note without any notice of the defenses set up by the maker.   It is to be observed that this opinion is prior to the Negotiable Instrument Act which defines a holder in due course, as appears in the original opinion.   We cite *Cooper* v. *Merchants', etc., Bank* (1900), 25 Ind. App. 341, 57 N. E. 569; *Bradley, etc., Co.* v. *Whicker* (1899), 23 Ind. App. 380, 55 N. E. 490; *Johnson* v. *Harrison* (1912), 177 Ind. 240, 249, 97 N. E. 930, 39 L. R. A. (N.

S.) 1207, and *Millikan* v. *Security Trust Co.* (1918), 187 Ind. 307, 118 N. E. 568, as cases in harmony with the Bunting case, and with the original opinion in this case.

In the following cases, which must be the line of cases relied upon by appellant, it does not appear that there was an averment in the complaint that the plaintiff was a *bona fide* holder in due course, or any averment to that effect. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Winters* v. *Coons* (1904), 162 Ind. 26, 69 N. E. 458; *Shirk* v. *Neible* (1901), 156 Ind. 66, 59 N. E. 281, 83 Am. St. 150; *Union Trust Co.* v. *Adams* (1913), 54 Ind. App. 166, 101 N. E. 741; *Roane Iron Co.* v. *Bell-Armstead Mfg. Co.* (1900), 24 Ind. App. 250, 56 N. E. 696. The absence of such an averment from the complaint made it unnecessary to aver want of notice in the answer, such an averment being deferred to a denial of plaintiff's reply of due course and want of notice. In this the cases are to be distinguished from the case at bar.

The petition for rehearing is overruled.

Dausman, J., dissents.

## DISSENTING OPINION.

Dausman, J.—I cannot concur in the majority opinion in this cause, and I feel that it is my duty to state briefly the reasons why I dissent.

The averment in the complaint, which has engendered the controversy, is in the following words:

"That said Federal Loan Society, Inc., for value received in due course of business and before its maturity, to-wit: on September 1, 1915, assigned in writing and transferred said note to plaintiff."

As used in §51 of the Negotiable Instruments Act, the words "a holder in due course" have a definite meaning. That meaning is clear and unequivocal, and can-

not be varied except by future legislation. Even a casual reading of the averment above quoted should be sufficient to enable one to see that it is not equivalent to an averment that the plaintiff took the instrument under the conditions specified in said §51. The averment that the payee transferred the note to the plaintiff "in due course of business" is nothing more nor less than a conclusion. *Bunting* v. *Mick* (1892), 5 Ind. App. 289, 31 N. E. 378, 1055; Watson's Prac. §357. If the pleader had averred that the plaintiff is "a holder in due course," even then it would be the averment of a conclusion, although a very different one. Instead of averring all the facts necessary to show that appellee is a holder in due course, he has averred the constituent element that the plaintiff acquired the note before maturity, and has deliberately omitted the elements of good faith and want of notice of any infirmity. It is conceded that the facts averred in the answer constitute fraud. We have a case, then, wherein the court is depriving a defendant of a substantial right because he has not denied something which is not averred in the complaint. If appellant had averred in the answer that appellee had notice, that averment would have been mere surplusage. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3.

I am aware of the fact that there is a recent case directly in conflict with this view. *Millikan* v. *Security Trust Co.* (1918), 187 Ind. 307, 118 N. E. 568. Also an older one to the same effect. *Hall* v. *Allen* (1871), 37 Ind. 541. I cannot refrain from saying that these cases should not be regarded ruling precedents as against the explicit provisions of the Negotiable Instruments Act, the long-established rules of pleading, and the numerous well-considered cases bearing on this subject. *Tescher* v. *Merea* (1889), 118 Ind. 586, 21 N. E. 316; *Giberson* v. *Jolley* (1889), 120 Ind. 301, 22 N. E.

306; *First Nat. Bank* v. *Ruhl* (1890), 122 Ind. 279, 23 N. E. 766; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Union Trust Co.* v. *Adams* (1913), 54 Ind. App. 166, 101 N. E. 741. I do not want to be regarded as rigidly and harshly technical. But the matter is important. The Negotiable Instruments Act is new in this state, and questions arising out of that law should be decided right, to the end that confusion in future litigation involving the statute may be minimized.

There is a broader question to be considered. In cases like the one at bar, what is the effect of embodying in the complaint an averment of the facts which constitute the plaintiff a holder in due course? It is the theory of the law merchant that, in order to facilitate trade and commerce, negotiable instruments should circulate, as nearly as possible, as currency. Such instruments carry no presumptive burdens. All presumptions are in favor of the holder. §59 Negotiable Instruments Act; 3 R. C. L. 1037 *et seq.* Why, then, should the plaintiff take upon himself, by the averments of his complaint, the burden of proving facts which would show him to be a holder in due course? Such averments in a complaint can serve no purpose other than to indicate that the pleader is anticipating a defense, and that, as a general rule, is bad pleading. Watson's Prac. §416. I do not mean to say that the inclusion of anticipatory matter would necessarily make the complaint bad as against a demurrer. Nevertheless it is bad pleading because it is illogical and leads to confusion. The logical, natural and orderly way is to reserve such matter for the reply.

But if, in this class of cases, the plaintiff avers in his complaint facts sufficient to avoid a defense of fraud, the averment is mere surplusage. This must be true; for he cannot be required to prove the facts thus averred as against the general denial. The general denial puts

at issue only the material averments of the complaint, and at that stage of the proceeding the averment is wholly immaterial. *Miller* v. *Griswold* (1872), 40 Ind. 209; *Tescher* v. *Merea, supra;* 3 R. C. L. 1033 *et seq.* Any denial which the defendant might embody in an answer could not have the effect of compelling the plaintiff to prove the facts necessary to show that he is a holder in due course. It is the answer of fraud, and that answer alone, that puts him to the proof. Naturally, then, the facts which will avoid a defense of fraud should be averred in the reply and not in the complaint; for those facts do not become material until an answer of fraud has been filed.

It has been said that, although it is not commendable pleading to embody in the complaint averments for the sole purpose of avoiding a possible defense, nevertheless it is permissible on the theory that it deprives the defendant of no right which otherwise would be his. *Johnson* v. *Harrison* (1912), 177 Ind. 240, 97 N. E. 930, 39 L. R. A. (N. S.) 1207. The cases cited on that proposition lend little, if any, support. What is said on the subject in the first two is purely obiter. The third does not touch the point at all. In the fourth a correct result is reached concerning the sufficiency of the complaint, but the reasoning is clearly wrong. But, if such averments are to be regarded as material, then that kind of pleading is bound to be harmful. It baffles the defendant in his effort properly to present his defense. It tends to confuse the courts, to promote litigation, and to work injustice. In the case at bar a majority of the court is holding that the effect of it is to put on a defendant the duty to embody in his affirmative answer a denial of the superfluous averments of the complaint. A denial has no place in such an answer. An answer of fraud in such cases should consist of clear and positive averments of such facts as would

constitute a defense against the *payee.* Then it becomes incumbent on the endorsee to show that he is not·bound by that defense.

Of course, the parties by their conduct may waive the rules of pleading. But where a litigant stands on his rights in respect thereto, he is entitled to the protection of the courts.

A rehearing should have been granted, and the judgment reversed.